## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG, on behalf of himself and all others similarly situated,<br><br>                              Plaintiffs,<br><br>             v.<br><br>GENERAC POWER SYSTEMS, INC.,<br><br>                              Defendant. | Case No.:<br><br>CLASS ACTION<br><br><br>**COMPLAINT AND JURY DEMAND** |

Plaintiffs Greg McMahon and Adam Goldberg ("Plaintiffs") bring this action against Defendant Generac Power Systems, Inc. (hereinafter, "Generac" or "Defendant"), by and through their attorneys, individually and on behalf of all others similarly situated, and allege the following based on personal knowledge as to their own facts, and upon information and belief and the investigation of counsel as to all other matters.

## INTRODUCTION

1.      This is a class action lawsuit brought by Plaintiffs on behalf of themselves and a class of owners and purchasers of generator systems designed, manufactured, marketed, and sold by Generac (the "Class").

2.      Plaintiffs and the Class are owners of Generac home standby generators who received a letter from Generac regarding an inspection program (the "Class Generators"). An exemplar copy of the letter is attached hereto as **Exhibit A**.

3.      By Generac's own admission, the Class Generators have the propensity to develop corrosion along the fuel line which can lead to fuel leakage and unit fire, which is a dangerous

safety defect.[1]

4.      Generac, however, has refused to diagnose the corrosion issue at no cost to consumers, and instead requires consumers to pay an inspection fee which will not be returned if Generac concludes that corrosion has not "significantly compromised" the fuel plenum.[2]

5.      This inspection fee constitutes a violation of the Magnuson-Moss Warranty Act, and Generac's implied and express warranties.

## JURISDICTION AND VENUE

6.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §1332(d), the Class Action Fairness Act of 2005, because: (i) there are 100 or more class members, (ii) there is an aggregate amount in controversy exceeding $5,000,000, exclusive of interest and costs, and (iii) there is minimal diversity because Plaintiffs and the Defendant are citizens of different states. This Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

7.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Defendant transacts business in this District, is subject to personal jurisdiction in this District, and therefore is deemed to be a citizen of this District. Additionally, Defendant has advertised in this District and has received substantial revenue and profits from its sales of Class Generators in this District; therefore, a substantial part of the events and/or omissions giving rise to the claims occurred, in part, within this district. Plaintiff McMahon is also domiciled in this judicial District.

8.      This Court has personal jurisdiction over Defendant because it conducts substantial business in the District; a substantial part of the acts and omissions complained of occurred in the District; and it has intentionally and purposefully placed its generators into the stream of commerce

---

[1] *See Attachment* A: Important Safety Notice—Generac (March 8, 2021).
[2] *Id.*

within Pennsylvania and throughout the United States. Accordingly, Defendant has sufficient contacts with this District to subject Defendant to personal jurisdiction in this District.

## THE PARTIES

### *Plaintiff Greg McMahon*

9.      Plaintiff Greg McMahon is a resident of the Commonwealth of Pennsylvania, and currently resides in New Hope, Pennsylvania.

10.      In or about 2015, Plaintiff McMahon purchased a home that had a Generac 14KW/990 GRD+200A SE T/SW generator purchased and installed by a previous owner. The generator was installed in 2014.

11.      Upon purchasing his home, Plaintiff McMahon received an offer from Generac to purchase an extended warranty on his generator until 2024, which Plaintiff McMahon purchased.

12.      In December 2020, Plaintiff McMahon received a letter from Generac dated December 28, 2020 informing him that "[s]ignificant corrosion of the fuel plenum may lead to a potential fuel leak during the generator operation, resulting in the risk of a unit fire."[3]

13.      The December 2020 letter from Generac to Plaintiff McMahon further recommended that Plaintiff McMahon pay $80 for an inspection prior to December 31, 2021 to detect the presence of corrosion along the fuel line, but also indicated that he would only be reimbursed if the fuel plenum was found to be "significantly compromised."[4]

14.      In order to remedy the "important safety" issue that Generac identified, Plaintiff McMahon paid the $80.00 inspection fee. Plaintiff McMahon, however, was not reimbursed for this fee.

---

[3] *Id.*
[4] *Id.*

***Plaintiff Adam Goldberg***

15.     Plaintiff Adam Goldberg is a resident of the Commonwealth of Virginia, and currently resides in Fairfax, Virginia.

16.     On or about July 23, 2013, Plaintiff purchased a Generac *Guardian 20kW Aluminum Standby Generator System* from Electric Generators Direct, an online retailer, for approximately $5,145.99.

17.     After receiving the generator, Plaintiff Goldberg had it installed by a local contractor at his residence according to Generac's specifications, where it has been in operation until the present.

18.     In March 2021, Plaintiff Goldberg received a letter from Generac dated March 8, 2021 informing him that "[s]ignificant corrosion of the fuel plenum may lead to a potential fuel leak during the generator operation, resulting in the risk of a unit fire."[5]

19.     The March 2021 letter from Generac further recommended that Plaintiff Goldberg pay $80.00 for an inspection prior to December 31, 2021 to detect the presence of corrosion along the fuel line, but also indicated that he would only be reimbursed if the fuel plenum was found to be "significantly compromised."[6]

20.     As of the date of this Complaint, Plaintiff Goldberg has not paid for the inspection of his generator, as it should be performed at no cost to him, regardless of its findings.

***Defendant***

21.     Defendant Generac Power Systems, Inc. is a Wisconsin domestic business corporation with its principal place of business located at S45W29290 State Road 59, Waukesha,

---

[5] *Id.*
[6] *Id.*

WI, 53189, USA.[7]

22.     Generac manufactures, markets, sells, and warrants home backup generators, billing itself as the "#1 NAME IN HOME BACKUP GENERATORS"[8] and a "leading global designer and manufacturer of a wide range of energy technology solutions" which "provides power generation equipment, energy storage systems, grid service solutions, and other power products serving the residential, light commercial and industrial markets."[9]

23.     Defendant engages in continuous and substantial business throughout the United States, including in Pennsylvania.

## FACTUAL ALLEGATIONS

### A.     The Fuel Plenum Corrosion Issue and Recommended Inspection Program

24.     The Class Generators suffer from a known issue which may increase the risk of their catching on fire.

25.     Class Generators include a fuel plenum. This component is located near the battery compartment, and helps to deliver fuel into the engine.[10]

26.     According to Generac, the fuel plenum can become corroded when exposed to moisture, leading to a potential fuel leak and unit fire.

27.     The $80 inspection fee disincentivizes affected consumers from having their generators inspected for the corrosion issue as they will not be reimbursed unless fuel plenum is found to be "significantly compromised," a term presented in Generac's Notice without definition. Even Class Members with visible corrosion along the fuel plenum cannot be sure that their

---

[7] https://www.wdfi.org/apps/CorpSearch/Search.aspx (search term: "Generac Power Systems") (last visited Dec. 16, 2021).
[8] https://www.generac.com/about-us (last visited Dec. 21, 2021).
[9] *Generac 2020 Annual Report* at p. 4 (available at: http://investors.generac.com/static-files/699701e3-bef8-483f-a1bc-caee8d71b4c0 ) (last visited Oct. 18, 2021).
[10] *See* Attachment A.

generator will meet the threshold of "significantly compromised" required for reimbursement.

28.     Indeed, affected consumers, a sampling of which is below, have reported their hesitancy to pay this inspection fee:

a.   "I received a letter from Generac dated March 3, 2017.

"Significant corrosion of the fuel plenum may lead to a potential fuel leak...."

They want me to pay $80 and call for a dealer inspection. If the dealer finds a problem, then I get paid back and the unit fixed. If no problem found then I am out $80.

I will pass!"[11]

b.   "'All units we have inspected are well out of warranty. This is not a "defect" but a problem related to environmental issues. Most involve substandard installations.'

Takata could of claimed the same thing about their airbags.

Humidity is considered environmental. Generac is rolling the dice here. I would pay for the inspections out of company profits. If they are repairing the units for free then they know they have design issues. Why risk bad press by putting peoples lives in danger. Most people wont pay for the inspection.

That leaves them vulnerable and my guess liable."[12]

c.   "But this issue isn't how I set up an appointment, it's wether [sic] or not I'm spending $80 to cover their legal liability only to have a tech come out and tell me nothing is wrong. :/"[13]

29.     Recognizing the seriousness of this issue, some independent technicians have even waived the inspection fee at their own cost in the interest of consumer safety.[14]

30.     As a result of this inspection fee, Generac is able to avoid providing warranty service to affected consumers, while simultaneously burdening them with a faulty, fire-prone generator.

---

[11] https://www.zillerstore.com/post/generac-voluntary-inspection-10121811 (last visited Dec. 21, 2021).
[12] *Id.*
[13] https://www.diychatroom.com/threads/generac-fuel-plenum-inspection.670549/ (last visited Dec. 21, 2021).
[14] *See, e.g.*, https://www.facebook.com/Philbricksgenerators/posts/2910695632344324/ (last visited Dec. 21, 2021).

B.    **Generac's Warranty Practices**

31.    Generac warrants the Class Generators through a 5-Year Limited Warranty which warrants that the "Generator and/or transfer switch system will be free from defects in material and workmanship" for a period of "five (5) years" from activation "or two-thousand (2,000) hours, whichever occurs first."[15]

32.    The durational limits on this warranty are unconscionable and unenforceable. Defendant knew or should have known of the conditions in which the Class Generators would generally be installed, and knew or should have known that the Class Generators would develop a defect posing a serious safety risk.

33.    In its capacity as a warrantor, Defendant had knowledge of the true quality and character of the generators, so that any efforts to limit its warranties in a manner that would exclude coverage of the affected generators is unconscionable.

34.    The limitations on Defendant's warranty are procedurally unconscionable. There was unequal bargaining power between Defendant and Plaintiffs and the other Class members, as Plaintiffs and the other Class members had no meaningful ability to negotiate the warranty terms.

35.    The limitations on the warranties are substantively unconscionable. Defendant, as the manufacturer of the Class Generators, knew or should have known of the conditions in which the Class Generators would generally be installed, and knew or should have known that the Class Generators would develop an issue posing a severe safety risk. Thus, Defendant's enforcement of the durational limitations on those warranties is harsh and shocks the conscience.

## CLASS ALLEGATIONS

36.    Plaintiffs bring this action on their own behalf, and on behalf of a nationwide class

---

[15] *See* Attachment B: Generac Power Systems 5 Year (5M) Limited Warranty.

pursuant to Federal Rules of Civil Procedure, Rule 23(a), 23(b)(2), and/or 23(b)(3).

**Nationwide Class:**

All persons or entities in the United States who own a Generac home standby generator and received a letter substantially similar to Exhibit A.

37.     In the alternative to the Nationwide Class, and pursuant to Federal Rule of Civil Procedure, Rule 23(c)(5), Plaintiffs seek to represent the following state classes only in the event that the Court declines to certify the Nationwide Class above. Specifically, the state classes are defined as:

**Pennsylvania Class:**
All persons or entities in Pennsylvania who own a Generac home standby generator and received a letter substantially similar to Exhibit A.

**Virginia Class:**
All persons or entities in Virginia who own a Generac home standby generator and received a letter substantially similar to Exhibit A.

38.     The Nationwide, Pennsylvania, and Virginia Classes shall be collectively referred to herein as the "Class."  The Pennsylvania and Virginia Classes shall be referred to as the "State Classes." Excluded from the Class are Defendant, its affiliates, employees, officers and directors, and the Judge(s) assigned to this case.  Plaintiffs reserve the right to modify, change, or expand the various class definitions set forth above based on discovery and further investigation.

39.     <u>Numerosity</u>:  Upon information and belief, the Class is so numerous that joinder of all members is impracticable.  While the exact number and identities of individual members of the Class are unknown at this time, such information being in the sole possession of Defendant and obtainable by Plaintiffs only through the discovery process, Plaintiffs believe, and on that basis allege, that thousands of people have purchased affected generators from Generac.

40.     <u>Existence and Predominance of Common Questions of Fact and Law:</u> Common questions of law and fact exist as to all members of the Class. These questions predominate over the questions affecting individual Class members. These common legal and factual questions include, without limitation:

      a.  Whether the inspection fee recommended to be paid by Generac violates the federal Magnuson-Moss Warranty Act;

      b.  Whether the inspection fee violates Generac's express warranties; and

      c.  Whether the inspection fee violates Generac's implied warranties.

41.     <u>Typicality:</u>  Plaintiffs' claims are typical of the claims of the Class. Plaintiffs own a Generac generator affected by the corrosion issue, as does each member of the Class. Furthermore, Plaintiffs are advancing the same claims and legal theories on behalf of themselves and all absent Class members.

42.     <u>Adequacy:</u>  Plaintiffs are adequate representatives because their interests do not conflict with the interests of the Class, they have retained counsel competent and highly experienced in complex class action litigation, including consumer litigation, and they intend to prosecute this action vigorously. The interests of the Class will be fairly and adequately protected by Plaintiffs and their counsel.

43.     <u>Superiority:</u>  A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiffs and members of the Class. The injury suffered by each individual Class member is relatively small in comparison to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendant's conduct.  It would be virtually impossible for members of the Class individually to redress effectively the wrongs done to them. Even if the members of the Class could afford such individual litigation, the court system could not. Individualized litigation presents a potential for inconsistent

or contradictory judgments. Individualized litigation increases the delay and expense to all parties, and to the court system, presented by the complex legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties, and provides the benefits of single adjudication, an economy of scale, and comprehensive supervision by a single court. Upon information and belief, members of the Class can be readily identified and notified based on, *inter alia*, Defendant's sales records and database of inspection notice recipients.

44.     Defendant has acted, and refused to act, on grounds generally applicable to the Class, thereby making appropriate final equitable relief with respect to the Class as a whole.

### CAUSES OF ACTION
### FIRST CAUSE OF ACTION
### VIOLATION OF THE MAGNUSON-MOSS WARRANTY ACT
### (On Behalf of the Nationwide Class)

45.     Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth herein.

46.     Congress enacted the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301 *et seq*., in response to widespread consumer complaints regarding misleading and deceptive warranties. The Act imposes civil liability on any "warrantor" for failing to comply with any obligation under written and implied warranties. 15 U.S.C. § 2310(d)(1).

47.     The Class Generators are a "consumer product," as defined by § 2301(1).

48.     Plaintiffs and Class members are "consumers" as defined by § 2301(3).

49.     Defendant is a "warrantor" and "supplier" as defined by §§ 2301(4) and (5).

50.     15 U.S.C. § 2310(d)(1) provides a cause of action for any consumer who is damaged by the failure of a warrantor to comply with a written or implied warranty.

51.     Defendant's warranties are "written warranties" within the meaning of 15 U.S.C. § 2301(6).

52.     Defendant expressly warrants that it will effectively inspect and evaluate generators through its Five-Year Limited Warranty.

53.     Defendant breached this express warranty by charging an $80.00 inspection fee to diagnose a known safety issue.

54.     Defendant also provided Plaintiffs and other Class members with an implied warranty of merchantability in connection with the purchase of their generators which is an "implied warranty" within the meaning of the Magnuson-Moss Warranty Act, 15 U.S.C. § 2301(7). As part of the implied warranty of merchantability, Defendant warranted that Class Generators were fit for their ordinary purpose as standby generators, would pass without objection in the trade as designed, manufactured, and marketed, and were adequately contained, packaged, and labeled.

55.     Defendant breached this implied warranty because Class Generators installed, whether by its agents or other contractors, are prone to failure under the ordinary conditions in which they are meant to be operated.

56.     Due to these breaches, Defendant is liable to Plaintiffs and the Class pursuant to 15 U.S.C. § 2310(d)(1).

57.     As a direct and proximate cause of Defendant's breach of the express and implied warranties through requesting inspections paid for by consumers, Plaintiffs and the other Class members sustained damages and other losses in an amount to be determined at trial. Defendant's conduct damaged Plaintiffs and the other Class members, who are entitled to recover actual damages, consequential damages, specific performance, diminution in value, and costs, including statutory attorneys' fees, and/or other relief as deemed appropriate.

58.     Plaintiffs seek to recover damages resulting directly from Defendant's breach of its written and implied warranties, and its deceitful and unlawful conduct. Damages include costs associated with having Class Generators inspected without reimbursement.

59.     The Act also provides for "other legal and equitable" relief. 15 U.S.C. § 2310(d)(1). Accordingly, Plaintiffs seek reformation of Defendant's written warranty to comport with Defendant's obligations under the Act and with consumers' reasonable expectations. Additionally, Plaintiffs seek to enjoin Defendant from acting unlawfully as further alleged, including discouraging Plaintiffs and Class members to seek all available remedies.

60.     The Act also provides for an award of costs and expenses, including attorneys' fees, to prevailing consumers in the Court's discretion. 15 U.S.C. § 2310(d)(2). Plaintiffs intend to seek such an award as prevailing consumers at the conclusion of this case.

61.     Plaintiffs provided Defendant with notice of its warranty violations on December 16, 2021.

**SECOND CAUSE OF ACTION**
**BREACH OF EXPRESS WARRANTY**
**(On Behalf of Nationwide Class or, alternatively, the State Classes)**

62.     Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

63.     Defendant expressly warrants that it will repair or replace defective generators through its Five-Year Limited Warranty.

64.     Defendant breached this express warranty by refusing to diagnose a potential known issue unless Plaintiffs and the Class paid an inspection fee.

65.     As a direct and proximate result of the breach of express warranties, Plaintiffs have suffered damages, injury in fact, and ascertainable loss in an amount to be determined at trial, including repair and replacement costs and damages to other property.

66.     Plaintiffs provided Defendant with notice of its warranty violations on December 16, 2021.

**THIRD CAUSE OF ACTION**
**BREACH OF IMPLIED WARRANTY**
**(On Behalf of Nationwide Class or, alternatively, the State Classes)**

67.     Plaintiffs and the Class incorporate by reference each preceding and succeeding paragraph as though fully set forth at length herein.

68.     Defendant is in the business of manufacturing, marketing, advertising, warranting, and selling generators. Defendant impliedly warranted to Plaintiffs and the Class that its products were of a certain quality and fit for the ordinary purpose of standby generator.

69.     The Class Generators were unfit for ordinary use and were not of merchantable quality as warranted by Defendant.

70.     Before purchase, Plaintiffs and the Class could not have readily discovered that the generators were not merchantable, were not of the same quality as those generally acceptable in the trade, and did not conform to the quality previously represented.

71.     Defendant has failed to provide adequate remedies under its limited warranties, which have caused those warranties to fail of their essential purpose, by failing to diagnose and remedy this known issue free of charge.

72.     Plaintiffs gave Defendant actual or constructive notice of the breaches of these warranties, and Defendant has failed to cure these breaches.

73.     As a direct and proximate result of the breaches of these implied warranties, Plaintiffs and the Class have suffered damages, injury in fact and ascertainable loss in an amount to be determined at trial, including repair and replacement costs and damages.

74.     Plaintiffs provided Defendant with notice of its warranty violations on December 16, 2021.

**PRAYER FOR RELIEF**

75.     WHEREFORE, Plaintiffs, on behalf of themselves and the Class, respectfully requests that this Court:

A.     Determine that the claims alleged herein may be maintained as a class action under Rule 23 of the Federal Rules of Civil Procedure, and issue an order certifying the Class, as defined above;

B.     Appoint Plaintiffs as the representatives of the Class and their counsel as Class Counsel;

C.     Award all actual, general, special (including treble, where applicable), incidental, statutory, and consequential damages to which Plaintiffs and the Class are entitled;

D.     Award pre-judgment and post-judgment interest on such monetary relief;

E.     Grant appropriate injunctive and/or declaratory relief;

F.     Award reasonable attorneys' fees and costs; and

G.     Grant such further relief that this Court deems appropriate.

Dated: December 30, 2021            Respectfully submitted,

By:     */s/ Joseph G. Sauder*

Joseph G. Sauder
Joseph B. Kenney
Lori G. Kier
**SAUDER SCHELKOPF LLC**
1109 Lancaster Avenue
Berwyn, PA 19312
Tel: 888.711.9975
jgs@sstriallawyers.com
jbk@sstriallawyers.com
lgk@sstriallawyers.com

***Attorneys for Plaintiffs***