# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAC POWER SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 2:21-cv-05660 |

## DECLARATION OF JOSEPH G. SAUDER IN SUPPORT OF PLAINTIFFS' MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT

I, Joseph G. Sauder, under penalty of perjury, declare as follows:

1.  I am a partner at the law firm of Sauder Schelkopf LLC in Berwyn, Pennsylvania. I respectfully submit this Declaration in support of Plaintiffs' Motion for Preliminary Approval of Class Action Settlement. My declaration is based upon my knowledge of the facts set forth herein, and if called to do so, I could and would testify competently thereto.

2.  Attached as **Exhibit A** is a true and correct copy of the executed Settlement Agreement entered and agreed to by the parties on February 3, 2023.

    a.  Attached to the Settlement Agreement as **Exhibit 1** is a true and correct copy of the Claim Form.

    b.  Attached to the Settlement Agreement as **Exhibit 2** is a true and correct copy of the short-form Notice of Class Action Settlement.

    c.  Attached to the Settlement Agreement as **Exhibit 3** is a true and correct copy of the long-form Notice of Class Action Settlement.

d. Attached to the Settlement Agreement as **Exhibit 4** is a true and correct copy of the proposed Preliminary Approval Order.

e. Attached to the Settlement Agreement as **Exhibit 5** is a true and correct copy of the Notice of Deficiency Letter.

f. Attached to the Settlement Agreement as **Exhibit 6** is a true and correct copy of the denial of Claim letter.

g. Attached to the Settlement Agreement as **Exhibit 7** is a true and correct copy of the proposed Final Approval Order.

h. Attached to the Settlement Agreement as **Exhibit 8** is a true and correct copy of the proposed Final Judgment.

## BACKGROUND ABOUT MY FIRM

3. Sauder Schelkopf is a national boutique class action and personal injury law firm located in Berwyn, Pennsylvania. Our firm was named in the Litigation Departments of the Year, an award that honors the best litigation practice in a small or mid-sized firm in Pennsylvania, by *The Legal Intelligencer* in 2022. In addition, the 2023 edition of U.S. News & World Report, Best Lawyers® recognized our firm as a Best Law Firm, as nominated by our peers based on our experience, service, success, and performance.

4. I started my legal career as a prosecutor in the Philadelphia District Attorney's Office where, from 1998 to 2003, I successfully tried hundreds of criminal cases to verdict. *LawDragon* recognized me in its list of the "500 Leading Plaintiff Consumer Lawyers" for 2022. The publication notes "these are the lawyers who stand on the front line in individual lawsuits and class actions seeking justice. They relish their role of underdog, taking on the toughest cases . . . ." *The American Lawyer* named me to its 2021 Northeast Trailblazers. The

honor recognizes 60 lawyers who are "truly agents of change." It "recognizes professionals in the Northeast who have moved the needle in the legal industry." *The Legal Intelligencer* named me in its 2020 Pennsylvania Trailblazers list recognizing 31 lawyers who "have taken extra measures to contribute to positive outcomes . . . and who are truly agents of change." *The Legal* highlights my innovative work on advocacy as class counsel in large institutional sex abuse cover-ups, women's, and children's rights.

5. Since 2012, I have been selected by the National Trial Lawyers Association as one of the Top 100 Trial Lawyers in Pennsylvania. Since 2011, I have been selected as a Pennsylvania *SuperLawyer*, a distinction held by the top 5% of attorneys in Pennsylvania, as chosen by their peers and through the independent research of Law & Politics.

6. I am currently serving or have served as lead or co-lead counsel in class actions in courts across the country. *See, e.g., Jackson v. Viking Group, Inc.*, No. 8:18-cv-02356-PJM, ECF No. 46 (D. Md.) (class action settlement valued between $30.45 million and $50.75 million that provided a free replacement program to replace the allegedly defective sprinklers with non-defective sprinklers, and a claims program to reimburse those who experienced non-fire activations); *Bromley v. SXSW LLC*, No. 1:20-cv-439-LY (W.D. Tex.) (class action settlement related to ticket purchases for festival canceled by COVID-19 pandemic); *Cole v. NIBCO, Inc.*, No. 13-7871, ECF No. 227 (D.N.J.) ($43.5 million settlement related to allegedly defective plumbing products); *In re Checking Account Overdraft Litig.*, MDL No. 2036 (S.D. Fla.) ($55 million class action settlement with US Bank and $14.5 million class action settlement with Comerica); *Traxler v. PPG Indus., Inc.*, No. 1:15-cv-00912-DAP (N.D. Ohio); ($6.5 million class action settlement on behalf of homeowners who purchased and used defective deck resurfacer); *Klug v. Watts Regulator Co.*, No. 8:15-cv-61 (D. Neb.) and *Ponzo v. Watts Regulator Co.*, No.

3

8:16-200 (D. Neb.) (achieved $14 million joint settlement related to defective toilet connectors and water heater connectors).

7. In addition, Sauder Schelkopf attorneys have been appointed to leadership positions in numerous class action cases throughout the United States, including: *In re: Hyundai and Kia Engine Litig.*, 8:17-cv-02208-JLS-JDE (C.D. Cal.) (appointed co-lead counsel in class action against Hyundai and Kia and negotiated a class settlement valued at approximately $892 million related to alleged engine defect); *In re: Subaru Battery Drain Prod. Liab. Litig.*, No. 1:20-cv-03095-JHR-MJS (D.N.J.) (class action settlement related to allegedly defective vehicle batteries); *Zhao v. Volkswagen Group of Am., Inc.*, No. 2:21-cv-11251 (D.N.J.) (class action settlement related to allegedly defective vehicle water pumps); *In re: General Motors Air Conditioning Marketing and Sales Pracs. Litig.*, No. 18-md-02818 (E.D. Mich.) (class action related to allegedly defective vehicle air conditioning systems); *Salcedo v. Subaru of America, Inc.*, No. 1:17-cv-08173(JHR)(AMD) (D.N.J.) (appointed as lead counsel in class action against Subaru and negotiated a class settlement related to an alleged engine defect); *Bang v. BMW of North America, LLC*, No. 2:15-cv-69450(MCA)(LDW) (D.N.J.) (appointed as co-lead counsel in class action against BMW and negotiated a class settlement related to an alleged oil consumption defect); *Yaeger v. Subaru of America, Inc.*, No. 1:14-cv-04490(JBS) (KMW) (D.N.J.) (appointed as co-lead counsel in class action against Subaru and negotiated a class settlement related to an alleged oil consumption defect); *Davitt v. Honda North America, Inc.*, No. 2:13-cv-00381-MCA-JBC (D.N.J.) (appointed lead counsel in class action against Honda and negotiated a class settlement related to alleged door lock actuator defect); *Fath v. American Honda Motor Co.*, No. 18-cv-01549-WMW (D. Minn.) (appointed lead counsel in class action against Honda and negotiated a class settlement related to an alleged oil dilution defect); and *Tolmasoff v General Motors, LLC*,

No. 2:16-cv-11747 (E.D. Mich.) (class action settlement related to GM vehicles with overstated fuel economy).

8. Attached as **Exhibit B** is a true and correct copy of the firm resume of Sauder Schelkopf LLC.

## BACKGROUND ON THE ACTION

9. Before filing this Action, Plaintiffs' counsel conducted an extensive investigation into the alleged corrosion of the plenum in the Class Generators. This investigation included interviewing members of the putative class and reviewing their documents, researching consumer reporting on various websites, reviewing Generac's manuals and other materials, researching potential causes of action, speaking with employees of Generac's authorized service dealerships, communicated with consulting experts in the field of generator systems, and drafting a detailed Complaint.

10. After Generac filed a motion to dismiss Plaintiffs' Complaint, my firm investigated the legal arguments raised by Generac and drafted a detailed opposition to the motion to dismiss. Plaintiffs were prepared to file the opposition brief and litigate the motion, but the parties ultimately resolved this litigation through executing the Settlement Agreement. Briefing the motion to dismiss allowed Plaintiffs to assess the strengths and weakness of further litigation and assisted the parties with settlement negotiations.

11. Settlement negotiations were protracted and conducted at arm's-length. The parties engaged in an in-person mediation session with Judge Diane M. Welsh (Ret.) at JAMS' Philadelphia office on May 16, 2022. The parties made significant progress during that mediation, and continued negotiations over the following eight months with further assistance from Judge

Welsh. The parties negotiated attorneys' fees, expenses, and service awards, with Judge Welsh, only after they had reached agreement on the relief for the Settlement Class.

12. In connection with the settlement negotiations, the parties exchanged confirmatory discovery, subject to Rule 408 of the Federal Rules of Evidence.

13. The parties executed the Settlement Agreement on February 3, 2023.

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 that the foregoing is true and correct.

Dated: February 3, 2023                                          */s/ Joseph G. Sauder*