**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG, <br><br> Plaintiffs, <br><br> v. <br><br> GENERAC POWER SYSTEMS, INC., <br><br> Defendant. | Civil Action No. 2:21-cv-05660 |

## CLASS ACTION SETTLEMENT AGREEMENT AND RELEASE

This Class Action Settlement Agreement and Release is made and entered into by and among Plaintiffs, on behalf of themselves and the Releasing Parties, and Generac, on behalf of itself and the Released Parties.

## RECITALS

**WHEREAS**, Plaintiffs have Class Generators (as defined below) installed outside of their homes;

**WHEREAS**, Plaintiffs have asserted claims in the Lawsuit seeking to recover damages allegedly caused by the Inspection Program implemented by Generac for the Class Generators;

**WHEREAS,** Plaintiffs have not asserted any claims or alleged any damages arising from personal injury, property damage, or subrogation;

**WHEREAS**, Generac has moved to dismiss Plaintiffs' claims, in part, on the grounds that (a) Plaintiffs allege no compensable harm; (b) Plaintiffs' claims are barred by their warranties, their failure to provide notice, and the expiration of the limitations period; and (c) Plaintiffs have otherwise failed to state a valid claim (*see* ECF No. 16);

**WHEREAS**, Class Counsel asserts that Generac's motion to dismiss lacks merit because (a) Plaintiffs allege compensable harm; (b) the limitations on Generac's warranties are unconscionable and unenforceable; (c) Plaintiffs provided notice of their claims on December 16, 2021 and that such notice was reasonable because Plaintiffs are retail consumers; and (d) Plaintiffs properly pled their breach of warranty claims;

**WHEREAS**, Class Counsel has conducted an extensive investigation into the facts and law relating to the matters alleged in the Lawsuit;

**WHEREAS,** without conceding any lack of merit of any of their claims, Plaintiffs and Class Counsel have concluded that it is in the best interests of the Settlement Class to settle the Lawsuit on the terms set forth herein, which are fair, reasonable, adequate, and in the best interests of the Settlement Class;

**WHEREAS**, Generac has denied and continues to deny vigorously the claims and conduct alleged by Plaintiffs, and any fault, wrongdoing, illegal conduct, or liability whatsoever on its part, and denies any alleged defect in the Class Generators or with its inspection program;

**WHEREAS,** without conceding any lack of merit in its defenses, Generac has concluded that it is desirable to enter into this Settlement Agreement to avoid further expense, to dispose of potentially burdensome and protracted litigation, and to avoid the uncertain outcome of proceeding in the Lawsuit;

**WHEREAS**, the Parties engaged in extensive, complex, and arm's-length negotiations regarding the resolution of the Lawsuit, and entered into this Settlement Agreement only after an in-person mediation session overseen by Judge Diane M. Welsh (Ret.) on May 16, 2022, and after further numerous communications among counsel for the Parties over the course of eight months, including further involvement from Judge Welsh;

**WHEREAS**, Plaintiffs and Generac agree that this Settlement Agreement shall not be deemed or construed to be an admission, concession, or evidence of any violation of any federal, state, or local statute, regulation, rule, or other law, or principle of common law or equity, or of any liability or wrongdoing whatsoever, by Generac, or of the truth of any of the claims that the Plaintiffs have asserted against Generac;

**WHEREAS**, the Parties desire and intend by this Settlement Agreement to settle finally and completely, and effectuate a final resolution of the Lawsuit and to provide for a full and final release by the Releasing Parties of the Released Claims against the Released Parties; and

**NOW, THEREFORE**, subject to the approval of the Court, the Parties hereby agree, in consideration of the mutual promises and covenants contained herein, that any Released Claims of any Releasing Party against any Released Party shall be settled, compromised and forever released upon the following terms and conditions.

<u>**TERMS AND CONDITIONS**</u>

A.    <u>**DEFINITIONS**</u>

As used in this Settlement Agreement and any exhibits thereto, the following terms have the meanings set forth below:

1.    "**Attorneys' Fees, Costs, and Service Awards**" means any and all attorneys' fees, costs, expenses, and service awards that may be awarded by the Court for work performed in the Lawsuit for the benefit of the Settlement Class by Class Counsel and Plaintiffs.

2.    "**Claim**" means a claim made by a Claimant via the submission of a Claim Form to the Settlement Administrator pursuant to this Settlement Agreement.

3.    "**Claimant**" means a Settlement Class Member who submits a Claim Form seeking a benefit pursuant to this Settlement Agreement.

4.      "**Claim Form**" means the form approved by the Court for making Inspection Claims and Reimbursement Claims pursuant to this Settlement Agreement, which is to be substantially in the form of **Exhibit 1**. The Claim Form will notify Claimants that they will be bound by the Release set forth in this Settlement Agreement.

5.      "**Claim Period**" means ninety (90) days from the date on which the Settlement Administrator mails notice to Class Members.

6.      "**Class Counsel**" means Joseph G. Sauder and Joseph B. Kenney of Sauder Schelkopf LLC.

7.      "**Class Generators**" means Generac home standby generators that were part of the Inspection Program.

8.      "**Counsel for Generac**" means Michael P. Daly and Meaghan V. Geatens of Faegre Drinker Biddle & Reath LLP.

9.       "**Court**" means the United States District Court for the Eastern District of Pennsylvania.

10.      "**Effective Date**" means: (a) the expiration date of the time for filing notice of any appeal from the Final Approval Order and Final Judgment if no appeal is filed; or (b) if an appeal is filed, the latest of (i) the date of final affirmance of that Final Approval Order and Final Judgment, (ii) the expiration of the time for a petition for writ of certiorari to review the Final Approval Order and Final Judgment if affirmed, the denial of certiorari, or, if certiorari is granted, the date of final affirmance of the Final Approval Order and Final Judgment following review pursuant to that grant; or (iii) the date of final dismissal of any appeal from the Final Approval Order and Final Judgment or the final dismissal of any proceeding on certiorari to review the Final Approval Order and Final Judgment that has the effect of confirming the Final Approval Order

and Final Judgment. For avoidance of doubt, the Effective Date shall not have been reached until the Court enters a Final Approval Order and Final Judgment and there has been the successful exhaustion of all appeal periods without appeal or resolution of any appeals or certiorari proceedings in a manner upholding the Final Approval Order and Final Judgment.

11.    "**Eligible Claimant**" means a Claimant who has submitted a valid and timely Claim Form as determined by the Settlement Administrator subject to all rights of the Parties under the Settlement Agreement.

12.    "**Final Approval Hearing**" means the hearing conducted by the Court to determine whether to grant final approval to this Settlement and to determine the fairness, adequacy, and reasonableness of this Settlement.

13.    "**Final Approval Order**" means the Final Approval Order that grants final approval to the Settlement, which is to be agreed upon by the Parties and submitted with Plaintiffs' Motion for Final Approval, which is to be substantially in the form of **Exhibit 7**.

14.    "**Final Judgment**" means the Court's final judgment, which is to be agreed upon by the Parties and submitted with Plaintiffs' Motion for Final Approval, which is to be substantially in the form of **Exhibit 8**.

15.    "**Generac**" means Generac Power Systems, Inc.

16.    "**Inspection Notice Letter**" means a letter from Generac, to the owners of Class Generator, containing notice of the Inspection Program.

17.    "**Inspection Claim**" shall have the meaning ascribed to it in Section C.2.

18.    "**Inspection Program**" means the voluntary inspection program previously offered by Generac pursuant to the Inspection Notice Letter, in which owners of Class Generators could

schedule an inspection of their Class Generator's fuel plenum for a discounted, $80 inspection fee that would be reimbursed if the fuel plenum was significantly compromised.

19.     "**Lawsuit**" means *McMahon v. Generac Power Sys., Inc.*, No. 21-5660 (E.D. Pa.).

20.     "**Notice of Settlement**" means the short-form Notice of Class Action Settlement substantially in the form attached as **Exhibit 2**.  The long-form Notice of Class Action Settlement will be substantially in the form attached as **Exhibit 3**.

21.     "**Notice Date**" means the date seventy (70) days after the Preliminary Approval Date, representing the date by which the Notice Plan shall be substantially implemented.

22.     "**Notice Plan**" shall have the meaning ascribed to it in Sections D.8.a. to D.8.f.

23.     "**Objection and Opt-Out Deadline**" means the date sixty (60) days after the Notice Date.

24.     "**Parties**" means Plaintiffs and Generac as those terms are defined herein.

25.     "**Person**" or "**Persons**" means any individual or entity, public or private.

26.     "**Plaintiffs**" means Greg McMahon and Adam Goldberg.

27.     "**Preliminary Approval Date**" means the date on which the Court enters the Preliminary Approval Order.

28.     "**Preliminary Approval Order**" means the Preliminary Approval Order that preliminarily approves the Settlement, which is to be substantially in the form of **Exhibit 4**.

29.     "**Reimbursement Claim**" shall have the meaning ascribed to it in Section C.1.

30.     "**Released Claims**" means any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including,

but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, latent or patent, actual or contingent, liquidated or unliquidated, punitive or compensatory, of every nature and description whatsoever, as of the date of the Final Approval Order, that arise out of or relate in any way to the Class Generators' plenums, the Inspection Program, and/or the Inspection Notice Letter.  Without limiting the generality of the foregoing, Released Claims shall include, with regard to the foregoing subject matter: (1) any class, group, collective or individual claim for any breach or violation of any federal or state statute, case law, common law or other law; (2) any claim for breach of any duty imposed by law, by contract or otherwise; and (3) any claim for damages, injunctive relief, declaratory relief, class damages or relief, penalties, punitive damages, exemplary damages, restitution, rescission or any claim for damages based upon any multiplication or enhancement of compensatory damages arising out of or relating to the above.  The Released Claims exclude any claims for death, personal injury, property damage (other than damage to the Class Generators related to the plenum), or subrogation.

31.    **"Released Parties"** means Generac and each of its past, present, and future members, owners, direct and indirect parents, subsidiaries, managers, divisions, predecessors, successors, holding companies, and affiliated companies and corporations, and each of the past, present, and future directors, officers, managers, members, employees, contractors, general partners, limited partners, investors, controlling persons, owners, trustees, principals, agents, associates, administrators, insurers, reinsurers, shareholders, attorneys, accountants, advisors, consultants, assignors, assignees, representatives, fiduciaries, predecessors, successors, divisions, joint ventures, or related entities of those companies including, but not limited to, vendors, subvendors, contractors, subcontractors, Authorized Service Dealers, and other service providers.

32.     "**Releasing Parties**" means Plaintiffs and the Settlement Class Members (whether or not they submit a Claim Form or are Eligible Claimants), and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees (each solely in their respective capacity as such), and all those who assert or could asserts claims on their behalf.

33.     "**Settlement**" means the conditions set forth in this Settlement Agreement to settle Plaintiffs' Lawsuit against Generac.

34.     "**Settlement Administrator**" means KCC Class Action Services, LLC, which shall be appointed by the Court in the Preliminary Approval Order to effectuate and administer the Notice Plan, distribute the Settlement Notice, administer the exclusion process for opt-outs, the Claim process, and make distributions to Eligible Claimants under the supervision of the Parties and the Court.

35.     "**Settlement Administration Costs**" means the reasonable fees and expenses of the Settlement Administrator incurred in the administration of this Settlement and approved by the Court, including the reasonable costs associated with the Notice Plan and the Settlement Notice, the administering of Claims, and distribution of any Settlement Payments to Eligible Claimants; other fees, expenses, and costs of settlement administration. The Settlement Administration Costs will be paid by Generac.

36.     "**Settlement Agreement**" means this Class Action Settlement Agreement and Release including all exhibits.

37.     "**Settlement Class**" means the following for settlement purposes only:

> (1) all current or former owners of a Class Generator who paid a $80 Inspection Program fee that was not reimbursed prior to the Preliminary Approval Date, and

(2) all current owners of Class Generators that were not inspected pursuant to the Inspection Program prior to the Preliminary Approval Date.

Excluded from the Settlement Class are: (i) Generac, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Generac has a controlling interest; (ii) the judge presiding over the Lawsuit and any member of the Court's staff and immediate family; and (iii) local, municipal, state, and federal governmental entities.

38.     "**Settlement Class Member**" means a member of the Settlement Class who does not submit a timely and valid Request for Exclusion from the Settlement.

39.     "**Settlement Notice**" means the notice or notices required by the Notice Plan for providing notice of this Settlement to the Settlement Class as set forth in Sections D.8.a. to D.8.f.

40.     "**Settlement Payment**" means a settlement check for a Reimbursement Claim.

41.     "**Settlement Website**" means the website to be established by the Settlement Administrator pursuant to Section D.8.d.

**B.     <u>CERTIFICATION OF THE SETTLEMENT CLASS</u>**

1.     <u>**Settlement Class Certification**</u>. Pursuant to the procedure described herein, Plaintiffs will seek the Court's certification of the Settlement Class for settlement purposes only pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3).

2.     <u>**Preliminary Approval**</u>.

a.     Class Counsel shall file with the Court a Motion for Preliminary Approval of Class Action Settlement requesting that the Court certify the Settlement Class for settlement purposes only and enter a Preliminary Approval Order.

b.     The Motion for Preliminary Approval of Class Action Settlement shall seek to appoint Plaintiffs as representatives of the Settlement Class and Class Counsel as counsel for the Settlement Class.

c.     Plaintiffs, who have executed this Settlement Agreement and agree to be bound by it, believe the Settlement is in the best interests of the Settlement Class.

d.     The Preliminary Approval Order shall:

i.     find that the requirements for certification of the Settlement Class have been satisfied;

ii.     appoint Plaintiffs as the representatives of the Settlement Class;

iii.     appoint Class Counsel as counsel for the Settlement Class;

iv.     preliminarily approve the Settlement as being within the range of reasonableness such that the Settlement Notice should be sent to the members of the Settlement Class;

v.     preliminarily approve the Notice Plan and Settlement Notice and direct that it be implemented as set forth in Sections D.8.a. to D.8.f.;

vi.     schedule the Final Approval Hearing not earlier than **144** days following the Preliminary Approval Date;

vii.     appoint KCC Class Action Services, LLC as the Settlement Administrator;

viii.     provide that any objections by any Settlement Class Member to the Settlement Agreement shall be heard and any papers submitted in support of said objections shall be considered by the Court at the Final Approval Hearing only if such Settlement Class Member follows the procedures set forth in this Settlement Agreement;

ix.     establish dates by which the Parties shall file and serve all papers in support of the Motion for Final Approval of the Settlement, the

Motion for Attorneys' Fees, Costs, and Service Awards, and any response or valid or timely objections to either Motion;

x.    provide that all Settlement Class Members will be bound by the Final Approval Order and the Final Judgment unless such Person timely submits to the Settlement Administrator a timely and valid written Request for Exclusion in accordance with this Settlement Agreement and the Settlement Notice;

xi.    provide that, pending the Final Approval Hearing and the Effective Date, all proceedings in the Lawsuit, other than proceedings necessary to carry out or enforce the terms and conditions of this Settlement Agreement, shall be stayed;

xii.    provide that, pending the Final Approval Hearing, Plaintiffs, or any of them, and all Settlement Class Members are enjoined from commencing or prosecuting, either directly or indirectly, any action asserting any of the Released Claims against any of the Released Parties, unless they have submitted a timely and valid Request for Exclusion from the Settlement; and

xiii.    issue other related orders to effectuate the preliminary approval of the Settlement Agreement.

## C.    <u>CONSIDERATION TO THE SETTLEMENT CLASS</u>

1.    <u>**Reimbursements.**</u>  Settlement Class Members who paid for an inspection pursuant to the Inspection Program and the Inspection Notice Letter can file a claim (a "Reimbursement Claim") for their unreimbursed, out-of-pocket inspection fee in the amount of $80.00.

11

2.      **Inspections**. Settlement Class Members who have not had their plenum inspected through the Inspection Program will be entitled to submit a Claim for a cost-free plenum inspection of their Class Generator by an Authorized Service Dealer (an "Inspection Claim") subject to the following conditions:

a.      Settlement Class Members must:

i.      attest that the Class Generator has not received general maintenance or service from an Authorized Service Dealer since the start of the Inspection Program;

ii.      attest that, although the Class Generator has received general maintenance or service from an Authorized Service Dealer since the start of the Inspection Program, it nevertheless was not examined for corrosion on the plenum surface (and must submit a supporting narrative statement to that effect with their claim); or

iii.      attest that the Class Generator has corrosion on the plenum surface (and must submit supporting photographic evidence with their Inspection Claim).

b.      Generac will identify local Authorized Service Dealers who will perform the free inspections for approved claimants.

3.      **Replacements.**  A Settlement Class Member who submits an Inspection Claim and whose inspection by a Generac Authorized Service Dealer reveals corrosion on the plenum surface will receive a free replacement of the fuel plenum (inclusive of parts and labor) which will be performed by a Generac Authorized Service Dealer.

4.      **Existing Warranties**. The Settlement provides for the exclusive remedies for Plaintiffs and Settlement Class Members with respect to any Claim over a Class Generator.  This Settlement does not in any way extend, enhance, or modify the terms, existence, duration, or scope of any existing unexpired written warranty.

5.      **Uncashed Settlement Payment Checks**. All Settlement Payment checks issued by the Settlement Administrator to Eligible Claimants shall remain valid for 180 days. Any Settlement Payment check that is not cashed within 180 days shall be void.  Any residual funds from uncashed checks shall be applied toward paying the Settlement Administration Costs.

D.      **SETTLEMENT ADMINISTRATION AND NOTICE PLAN**

1.      **Claim Process**. Any Settlement Class Member who wishes to submit a Claim must timely complete, sign (by hard copy or electronic signature), and submit a Claim Form and provide the Settlement Administrator with all requested information. All Claim Forms shall be submitted under oath.  Claim Forms will be able to be completed and submitted on the Settlement Website. Paper copies of Claim Forms will also be available upon request to be completed manually and then submitted either on the Settlement Website or to a mailing address to be established and monitored by the Settlement Administrator.

a.      The Settlement Administrator shall process and review Claims as promptly as possible subject to the provisions in this Settlement Agreement.  Claims shall be processed in the order that they are received to the extent practicable.

b.      Class Counsel and Counsel for Generac shall have the right to review the Claim files of the Settlement Administrator at any time, including, but not limited to, requesting the right to inspect any photographs of any plenums to confirm that corrosion exists on the plenum. The Settlement Administrator shall have the right to confer with Class Counsel and Counsel for Generac with respect to any Claim.

c.      A Claim that does not meet each of the requirements is deficient and shall be responded to by the Settlement Administrator using the form Notice of Deficiency Letter attached as **Exhibit 5**. Claimants shall have an opportunity to cure deficient Claims within 30 days.

d.      If the Claimant does not provide a response that cures the deficiency in the time period required, then the Settlement Administrator shall deny the Claim in whole or in part. A copy of the form denial of Claim letter to be used by the Settlement Administrator is attached as **Exhibit 6.**

e.      Claim Forms will provide a payment election field that Settlement Class Members submitting Reimbursement Claims can use to elect their preferred electronic payment method (such as direct deposit, PayPal, Venmo, Zelle, or a check).

2.      **Dispute Resolution**.  Either Party shall have the right to challenge any potential errors made by the Settlement Administrator in the processing, handling, reviewing, approving, and paying of claims.  The Claim Form shall disclose that additional information may be requested to permit any additional review that may be required, and that either Party has the right to challenge the Settlement Administrator's decision denying or approving claims.  Any such challenges that the Parties cannot resolve among each other shall be submitted to a Special Master to decide the matter in a timely fashion.  The Claims Administrator shall thereafter comply with the decision of the Special Master.

3.      **Claim Review**. If the Settlement Administrator suspects fraud or misleading conduct with respect to any Claim, the Settlement Administrator will immediately bring the Claim to the attention of Class Counsel and Counsel for Generac, who shall meet and confer with the Settlement Administrator concerning the Claim, and who reserve the right to bring the Claim to the attention of the Court or the appropriate authorities.

4.      **No Liability for Claims Administered Pursuant to Agreement**. No Person shall have any claim against Generac, Counsel for Generac, Plaintiffs, Class Counsel, the Released Parties, and/or the Settlement Administrator based on any determinations, distributions, or awards

14

made with respect to any Claim. This provision does not affect or limit in any way the right of review of any disputed Claim as provided in this Settlement Agreement. The applicable dispute procedures set forth in Section D.2 shall be the sole and exclusive means of resolving disputes based on any determinations, distributions, awards, or Settlement Payments made with respect to any Claim. For the avoidance of doubt, in no event shall Plaintiffs, Class Counsel, Generac, or Counsel for Generac, have any liability for claims of wrongful or negligent conduct on the part of the Settlement Administrator, the Special Master, or their agents.

5. **Settlement Administrator Duties**. The Settlement Administrator shall:

a. Use personal information acquired as the result of this Agreement solely for purposes of evaluating and paying Claims under this Agreement.

b. Assign a manager to oversee the protection and appropriate management of personal information and review its internal system to manage the protection of personal information to ensure consistent performance and constant improvement.

c. Take security countermeasures to prevent unauthorized access to personal information and the loss, destruction, falsification and leakage of personal information.

d. If outsourcing the handling of personal information, determine that outsourced companies take steps to ensure appropriate management of the information to prevent leaks of personal or confidential information, and prohibit reuse of information for other purposes.

e. Respond immediately with appropriate measures when necessary to disclose, correct, stop using, or eliminate contents of information.

f. Within one hundred and twenty (120) days after the completion of the latest possible check-cashing period following the conclusion of the Claim Period, and in compliance with applicable retention law, destroy all personal information obtained in connection with this

Settlement in a manner most likely to guarantee that such information cannot be obtained by unauthorized Persons.

6.  **Settlement Administrator Accounting**. The Settlement Administrator shall maintain a complete and accurate accounting of all receipts, expenses (including Settlement Administration Costs), and payments made pursuant to this Settlement Agreement. The accounting shall be made available on reasonable notice to Class Counsel and Counsel for Generac.

7.  **Removal of Settlement Administrator**. If the Settlement Administrator fails to perform adequately, the Parties may agree to remove the Settlement Administrator by petitioning the Court to do so.

8.  **Notice Plan**. The Parties agree that the Notice Plan described below is valid and effective and that it will provide reasonable and the best practicable notice to the Settlement Class. The Notice Plan shall be effectuated by the Settlement Administrator as follows:

a.  **Notice of Settlement**. The Notice of Settlement substantially in the form attached as **Exhibit 2** and a Claim Form substantially in the form attached as **Exhibit 1** shall be sent to members of the Settlement Class who are identifiable to the Settlement Administrator through reasonable means.  Notice of Settlement will be sent via email to Settlement Class members for whom there is an email address.  For Settlement Class members for whom there is no email address, the Settlement Administrator will send Notice of Settlement via postcard, first class postage prepaid.  For Settlement Class members eligible to submit a Reimbursement Claim, addresses will be run through the National Change-of-Address Database.  If a postcard is returned as undeliverable, the Settlement Administrator will perform one advanced address search in order to re-mail the undeliverable notice.  On a confidential basis, Generac and Class Counsel will

provide the Settlement Administrator with reasonably available information that identifies possible Settlement Class members from their existing records.

        b.    **Notice Content**. Notices will state that Generac denies any liability or wrongdoing, that Generac denies any defect with the Class Generators, and that there has been no finding or liability or wrongdoing.  Notices will also state that Generac instructs and expects Authorized Service Dealers to examine fuel systems (including plenums) during any general maintenance or service visits.

        c.    **Additional Efforts.**  Generac will advise its Authorized Service Dealers of the no-cost Inspection Claims available to Claimants pursuant to the settlement.  Generac will also continue to remind Authorized Service Dealers in its service information bulletin to visually examine fuel systems (including but not limited to plenums, if any) during general maintenance or service visits.  Generac will also update the information on its website regarding the Inspection Program.

        d.    **Settlement Website**. Upon filing the Motion for Preliminary Approval, the Settlement Administrator shall establish and make live the Settlement Website, which shall be an Internet website concerning the Settlement utilizing the domain name www.fuelplenumsettlement.com. The Settlement Website shall be maintained by the Settlement Administrator until one hundred eighty (180) days after the conclusion of the Claim Period and the time period for cashing all Settlement Payment checks has expired. The domain name of the Settlement Website shall be included in all Settlement Notices. The Settlement Website shall provide, at a minimum: (i) information concerning deadlines for filing a Claim Form, and the dates and locations of relevant Court proceedings, including the Final Approval Hearing; (ii) the toll-free phone number applicable to the Settlement; (iii) copies of the Settlement Agreement, the

Notice of Settlement, the Claim Form, Court Orders regarding this Settlement, and other relevant Court documents, including Class Counsel's Motion for Approval of Attorneys' Fees, Costs, and Service Awards; and (iv) information concerning the submission of Claim Forms, including the ability to submit Claim Forms electronically using an electronic signature service such as DocuSign through the Settlement Website.  The Settlement Website will also provide a serial number look-up where consumers can input their Generac home standby generator's serial number to check whether their generator is a Class Generator.

       e.    **Toll-Free Number**. The Settlement Administrator shall establish a toll-free telephone number that can be used to: (i) request the Claims Form, the Notice of Settlement, and this Settlement Agreement; and (ii) obtain information about deadlines for filing a Claim Form, opting out of or objecting to the Settlement, and the scheduling of the Final Approval Hearing. The toll-free telephone number shall be included in all notices described in Sections D.8.a. to D.8.f. The toll-free numbers shall be maintained while the Settlement Website is active.

       f.    **CAFA Notice**. Generac, through the Settlement Administrator, shall mail all notices required by 28 U.S.C. § 1715. The Settlement Adminstrator will provide, in connection with the Motion for Final Approval, documentation to confirm that CAFA notice was issued.

    9.    **Proof of Compliance with Notice Plan**. The Settlement Administrator shall provide Class Counsel and Counsel for Generac with a declaration detailing all of its efforts regarding the Notice Plan and of its timely completion of the Notice Plan and its reach to the members of the Settlement Class, to be filed as an exhibit to Plaintiffs' Motion for Final Approval of Class Action Settlement.

    10.    **Settlement Administrator Database**. The Settlement Administrator shall maintain and preserve records of all of its activities, including logs of all telephone calls, emails,

mailings, visits to the Settlement Website, and all other contacts with actual and potential members of the Settlement Class, in a computerized database with easily retrievable records. The database shall also include a running tally of the number of and types of materials mailed or disseminated by the Settlement Administrator. The Settlement Administrator shall provide Class Counsel and Counsel for Generac with monthly written reports regarding both Reimbursement Claims and Inspection Claims throughout the Claim Period summarizing all statistics and actions taken by the Settlement Administrator in connection with administering the Settlement.

**E.    OPT-OUTS AND OBJECTIONS**

1.    **Requests for Exclusion**.

a.    Settlement Class Members may submit a Request for Exclusion from (*i.e.*, "opt-out" of) the Settlement pursuant to Federal Rule of Civil Procedure 23(c)(2)(B)(v). A member of the Settlement Class who submits a valid Request for Exclusion cannot object to the Settlement and is not eligible to receive any Settlement Payment or Inspection.

b.    To validly request exclusion from the Settlement Class, a member of the Settlement Class must submit a written request to opt out to the Settlement Administrator so that it is postmarked on or before the Objection and Opt-Out Deadline stating that "I wish to exclude myself from the Settlement Class in the Plenum Inspection Program Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class member's printed name, address, telephone number, email address (if any), date of birth, generator serial number, and the address at which the generator is installed. The Request for Exclusion must contain the actual written signature of the Settlement Class member seeking to exclude himself or herself from the Settlement Class.

c.      Requests for Exclusion cannot be made on a group or class basis, except that joint owners of the same residence or structure may opt out by using the same form so long as it is individually signed by each joint owner.

d.      The Settlement Administrator will provide copies of all Requests for Exclusion to counsel for the Parties on a weekly basis by email.

e.      Any Settlement Class Member who does not submit a valid and timely written Request for Exclusion as provided in Sections E.1.a. to E.1.d. shall be bound by all subsequent proceedings, orders and judgments in this Lawsuit, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims.

f.      A member of the Settlement Class who opts out can, on or before the Objection and Opt-Out Deadline, withdraw their Request for Exclusion by submitting a written request to the Settlement Administrator stating their desire to revoke their Request for Exclusion along with their written signature.

g.      Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a Request for Exclusion.

h.      Not later than seven (7) days after the Objection and Opt-Out Deadline, the Settlement Administrator shall provide to Class Counsel and Counsel for Generac a complete list of opt-outs together with copies of the opt-out requests and any other related information.  Generac may void the Settlement Agreement if the number of optouts constitutes more than one percent of the Settlement Class.  Generac must advise Class Counsel and the Court, in writing, of this election within fourteen (14) days of receiving the list of Requests for Exclusion from the Settlement

Administrator following the Objection and Opt-Out Deadline.  If Generac chooses to void the Settlement in this manner, this Settlement Agreement will be vacated, rescinded, cancelled, and annulled, and the Parties will return to the status quo ex ante, as if they had not entered into this Settlement Agreement.

2.      **Objections**. Any Settlement Class Member who does not submit a written Request for Exclusion may present a written objection to the Settlement explaining why he, she, or it believes that the Settlement should not be approved by the Court as fair, reasonable, and adequate. A Settlement Class Member who wishes to submit an objection must deliver to the Settlement Administrator so that it is postmarked on or before the Objection and Opt-Out Deadline, a detailed written statement of the objection(s) and the aspect(s) of the Settlement being challenged, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

a.      That written statement shall contain (a) the Settlement Class Member's printed name, address, telephone number, email address (if any), and date of birth; (b) evidence showing that the objector is a Settlement Class Member, including the address of the residence or structure that contains or contained the Class Generator and proof that the residence or structure contains or contained the Class Generator (photographs, contemporaneous installation records, *etc.*); (c) any other supporting papers, materials, or briefs that the objecting Settlement Class Member wishes the Court to consider when reviewing the objection; (d) the actual written signature of the Settlement Class Member making the objection; and (e) a statement whether the objecting Settlement Class Member and/or his, her, or its counsel intend to appear at the Final Approval Hearing.

b.      A Settlement Class Member may object on his or her own behalf or through an attorney; however, even if represented, the Settlement Class Member must individually sign the objection and all attorneys who are involved in any way asserting objections on behalf of the Settlement Class Member must be listed on the objection papers. Counsel for the Parties may take the deposition of any objector prior to the Final Approval Hearing in a location convenient for the objector.

c.      If a Settlement Class Member or counsel for the Settlement Class Member who submits an objection to this Settlement has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

d.      Any objector who files and serves a timely written objection as described above may appear at the Final Approval Hearing, either in person at their own expense or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement on the basis set forth in the written objection. As noted above, objectors or their attorneys who intend to make an appearance at the Final Approval Hearing must state their intention to appear in the objection.

e.      Any Settlement Class Member who fails to comply with the provisions of Sections E.2.a. to E.2.d. shall waive and forfeit any and all rights that he, she, or it may have to appear separately and/or to object to the Settlement, and shall be bound by all the terms of this Settlement Agreement and by all proceedings, orders and judgments in the Lawsuit, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending or subsequently initiates litigation against any Released Party relating to the Released Claims.

3.      The exclusive means for any challenge to this Settlement shall be through the provisions of Sections E.2.a. to E.2.d. Without limiting the foregoing, any challenge to the Settlement, the Final Approval Order, the Final Judgment, or any Attorneys' Fee, Cost, and Service Award Order shall be pursuant to appeal under the Federal Rules of Appellate Procedure and not through a collateral attack.

4.      An objector shall be entitled to all of the benefits of the Settlement if this Settlement Agreement and the terms contained herein are approved, as long as the objector complies with all requirements of this Settlement Agreement applicable to Settlement Class Members, including the timely and complete submission of a Claim Form and other requirements herein.  A Settlement Class Member who objects can, on or before the Final Approval Hearing, withdraw their objection by submitting a written request to the Settlement Administrator stating their desire to withdraw their objection along with their signature.

5.      The Settlement Administrator shall provide counsel for the Parties with copies of any objections received on a weekly basis by email.

**F.      RELEASE OF CLAIMS**

1.      **Release**. The Parties intend that this Settlement Agreement will fully and finally dispose of the Lawsuit and the Released Claims.  As of the Effective Date, each of the Releasing Parties will be deemed to have completely released and forever discharged the Released Parties, and each of them, from and for any and all Released Claims (the "Release").

2.      **Good Faith Settlement**. The Releasing Parties agree that the provisions of this Agreement and any claim thereunder constitute a good faith settlement under California Code of Civil Procedure Sections 877 and 877.6, Hawaii Revised Statutes 663-15.5, and comparable laws

in other states. Plaintiffs and Class Counsel will not oppose a motion by Generac in a subsequent action contending that this is a good faith settlement.

3.      **Assumption of Risk**. Each of the Releasing Parties hereby does, and shall be deemed to, assume the risk that facts additional, different, or contrary to the facts that each believes or understands to exist, may now exist or may be discovered after this Settlement Agreement becomes effective. Each of the Releasing Parties agrees that any such additional, different, or contrary facts shall in no way limit, waive, or reduce the foregoing Release, which shall remain in full force and effect.

4.      ***California Civil Code and Any Counterparts from Other States***. All Releasing Parties will be deemed by the Final Approval Order and the Final Judgment to acknowledge and waive Section 1542 of the Civil Code of the State of California, which provides that:   "**A GENERAL RELEASE DOES NOT EXTEND TO CLAIMS THAT THE CREDITOR OR RELEASING PARTY DOES NOT KNOW OR SUSPECT TO EXIST IN HIS OR HER FAVOR AT THE TIME OF EXECUTING THE RELEASE AND THAT, IF KNOWN BY HIM OR HER, WOULD HAVE MATERIALLY AFFECTED HIS OR HER SETTLEMENT WITH THE DEBTOR OR RELEASED PARTY.**"   Plaintiffs and the Settlement Class Members, on behalf of all Releasing Parties, expressly waive and relinquish any and all rights and benefits that they may have under, or that may be conferred upon them by, the provisions of Section 1542 of the California Civil Code, or any other law of any state or territory that is similar, comparable or equivalent to Section 1542, to the fullest extent they may lawfully waive such rights or benefits pertaining to the Released Claims. In connection with such waiver and relinquishment, the Settlement Class Members hereby acknowledge that the Releasing Parties are aware that they or their attorneys may hereafter discover claims or facts in addition to or

different from those that they now know or believe exist with respect to Released Claims, but that it is their intention to hereby fully, finally, and forever settle and release all of the Released Claims known or unknown, suspected or unsuspected, that they have against the Released Parties. In furtherance of such intention, the release herein given by the Releasing Parties to the Released Parties shall be and remain in effect as a full and complete general release notwithstanding the discovery or existence of any such additional different claims or facts. Each of the Parties expressly acknowledge that they have been advised by their attorneys of the contents and effect of Section 1542, and with knowledge, each of the Parties hereby expressly waives whatever benefits they may have had pursuant to such section. Plaintiffs acknowledge, and the Releasing Parties shall be deemed by operation of the Final Approval Order and the Final Judgment to have acknowledged, that the foregoing waiver was expressly bargained for and a material element of the Settlement of which this Release is a part.

5.        **No Assignment of Claims**. Plaintiffs represent and warrant that they are the sole and exclusive owners of all claims that they personally are releasing under the Settlement Agreement.  Plaintiffs further acknowledge that they have not assigned, pledged, or in any manner whatsoever, sold, transferred, assigned or encumbered any right, title, interest or claim arising out of or in any way whatsoever pertaining to the Lawsuit, including without limitation, any claim for benefits, proceeds, or value under the Lawsuit, and that the Plaintiffs are not aware of anyone other than themselves claiming any interest, in whole or in part, in the Lawsuit or in any benefits, proceeds, or values under the Lawsuit.

6.        **All Fees and Costs.** Without in any way limiting its scope, and, except to the extent otherwise specified in the Settlement Agreement, the Release covers by example and without limitation, any and all claims for attorneys' fees, costs, expert fees, consultant fees, interest,

litigation fees, costs, or any other fees, costs, and/or disbursements incurred by any attorneys, Class Counsel, Plaintiffs, or Settlement Class Members who claim to have assisted in conferring the benefits under this settlement upon the Settlement Class.

7.      **Dismissal with Prejudice**. Upon the Effective Date, the Released Claims of the Settlement Class Members and Releasing Parties will be dismissed with prejudice.

## G.      ATTORNEYS' FEES, COSTS AND SERVICE AWARDS

1.      **Payment of Attorneys' Fees and Costs**. Only after agreeing to the material terms set forth in this Settlement Agreement and the structure of relief for the Settlement Class, the Parties negotiated the maximum amount of any Attorneys' Fees, Cost, and Service Awards that Class Counsel and Plaintiffs would seek, subject to the approval of the Court.

a.      Within the time period established by the Court, and no later than fourteen (14) days prior to the Objection and Opt Out Deadline, Class Counsel will file a Motion for Approval of Attorneys' Fees, Cost and Service Awards, which shall be included on the Settlement Website. Class Counsel shall apply for the following: (a) attorneys' fees and reimbursement of costs in an amount not to exceed $1,500,000 and (b) service awards of $2,500 each to Greg McMahon and Adam Goldberg, in recognition of their time, costs, and effort in the Lawsuit, including, for example, gathering documents and materials and performing other representative duties.

b.      The Parties further agree that Generac shall not pay, or be obligated to pay, any amounts in excess of those stated in Section G.1.a. for attorneys' fees, costs and service awards. Class Counsel and Plaintiffs shall provide W-9 Forms prior to such payment.  Class Counsel shall be responsible for distributing the service awards to Plaintiffs.  Generac reserves the

right to oppose any fee request, whether for attorneys' fees or service awards, that it considers unreasonable.

        c.     Any Attorneys' Fee, Cost, and Service Award shall be set forth in an order separate from the Final Approval Order and the Final Judgment so that any appeal of the Attorneys' Fee, Cost, and Service Award shall not constitute an appeal of the Final Approval Order or the Final Judgment. Any order or proceedings relating solely to the application for an Attorneys' Fee, Cost, and Service Award, or any appeal solely from any Attorneys' Fee, Cost, and Service Award, or reversal or modification of any such Attorneys' Fee, Cost, and Service Award, will not operate to terminate or cancel this Settlement Agreement, or affect or delay the Effective Date.

        d.     The Attorneys' Fee, Cost, and Service Awards approved by the Court shall be (i) paid within fourteen (14) days after the latter of the Effective Date or Generac's receipt of W-9 Forms from Plaintiffs and Class Counsel, and (ii) paid by wire transfer to Sauder Schelkopf LLC. Under no circumstances will Generac be liable to Class Counsel, or any other attorney or law firm, for, because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees made in accordance with this Settlement Agreement; and Class Counsel, and each of them, release Generac from any and all disputes or claims because of, relating to, concerning, or as a result of any payment or allocation of attorneys' fees and costs made in accordance with this Settlement Agreement.

        e.     Class Counsel shall not be entitled to any compensation from any Released Party for fees or expenses beyond that provided in this Section, including, without limitation, any fees or expenses incurred in their cooperation in the administration of this Settlement Agreement.

## H.    **FINAL APPROVAL**

1.     **<u>Motion for Final Approval of Settlement</u>**. Pursuant to the schedule set by the Court in its Preliminary Approval Order and at least fourteen (14) days prior to the Final Approval Hearing, Class Counsel shall file a motion and supporting papers requesting that the Court grant final approval of this Settlement Agreement and for entry of a Final Approval Order and Final Judgment substantially in the form attached as **Exhibits 7 and 8**.  The Final Approval Order shall:

  a.     determine that the Court has personal jurisdiction over all Plaintiffs and Settlement Class Members, that the Court has subject matter jurisdiction over the claims asserted in this Lawsuit, and that venue is proper;

  b.     finally approve the Settlement Agreement and settlement as fair, reasonable, and adequate pursuant to Federal Rule of Civil Procedure 23;

  c.     finally approve and certify the Settlement Class for settlement purposes only;

  d.     find that the Notice Plan, Settlement Notice, and dissemination methodology complied with all laws, including, but not limited to, the Due Process Clause of the United States Constitution, and was fair, adequate, and sufficient, as the best practicable notice under the circumstances, and as reasonably calculated to apprise members of the Settlement Class of the Lawsuit, the Settlement Agreement, their objection rights, and their exclusion rights;

  e.     dismiss the Lawsuit with prejudice and without costs (except as provided for in this Settlement Agreement as to costs);

  f.     expressly include the Release set forth in the Settlement Agreement and making the Release effective as of the Effective Date;

g.     list all opt-outs;

h.     find that the notification requirements of the Class Action Fairness Act, 28 U.S.C. § 1715, have been met;

i.     authorize the Parties to implement the Settlement Agreement;

j.     permanently enjoin Plaintiffs and all other Settlement Class Members and those subject to their control, from commencing, maintaining, or participating in, or permitting another to commence, maintain, or participate in on their behalf, any Released Claims against the Released Parties;

k.     retain jurisdiction relating to the administration, consummation, enforcement, and interpretation of the Settlement Agreement, the Final Approval Order, and the Final Judgment, and for any other necessary purpose; and

l.     issue related Orders to effectuate the final approval of the Settlement Agreement and its implementation.

2.     **Exclusive Remedy, Dismissal of Action and Jurisdiction of Court**. All Settlement Class Members who do not properly file a timely written Request for Exclusion from the Settlement Class submit to the jurisdiction of the Court and will be bound by the terms of this Settlement Agreement, including, without limitation, the Release set forth herein. This Settlement Agreement sets forth the sole and exclusive remedy for any and all pending or future claims of Settlement Class Members, other Claimants, and the Releasing Parties against Generac and the Released Parties arising from or related to the Class Generators as set forth above.  Upon entry of the Final Approval Order, each Settlement Class Member who has not validly and timely opted out of the Settlement Class and any Person that has made or can or is entitled to make a claim

through or in the name or right of a Settlement Class Member shall be barred from initiating, asserting, continuing, or prosecuting any such claims against Generac or any Released Party.

## I.    CONTINGENCIES; TERMINATION

1.    **Termination by Generac.**  This Settlement Agreement is contingent on the final certification of the Settlement Class and entry of the Final Approval Order and Final Judgment as defined above.  Generac may terminate this Settlement Agreement in its entirety at any time and without further obligation if:  (a) any court rejects or denies approval of any material term or condition of this Settlement Agreement (e.g. because it substantially increases the cost of the Settlement Agreement, or deprives Generac of a benefit of the Settlement Agreement); (b) any court makes any order purporting to alter, amend or modify any material term or condition of this Settlement Agreement; (c) any court fails to certify the Settlement Class as defined above; (d) any court makes any order purporting to preclude Plaintiffs and/or Generac from proceeding in whole or in part with any of the material terms and conditions of this Settlement Agreement; or (e) the number of optouts constitutes more than one percent of the Settlement Class.  For purposes of (a), (b) and (d) of this Section I.1, whether a term or condition is "material" shall be determined by Generac after meet and confer between the parties.  In the event Generac exercises its right to terminate this Settlement Agreement, it must notify the Court and Class Counsel in writing within fourteen (14) days of  the relevant order or notice of the Court and cause the Settlement Administrator to notify the Settlement Class Members by posting information on the Settlement Website and by emailing information to those Claimants for whom the Settlement Administrator has an email address on file.  Further, in the event Generac exercises its right to terminate this Settlement Agreement, this Settlement Agreement shall be considered null and void and have no force or effect, no person or entity shall be bound by any of its terms or conditions, and the rights

of all persons or entities with respect to the claims and defenses asserted in the Lawsuit shall be restored to the positions existing immediately prior to execution of this Settlement Agreement.

2.      **Contingencies.**  Unless all of the Parties agree otherwise in a signed writing, this Settlement Agreement shall be deemed terminated and cancelled, and shall have no further force and effect whatsoever, if: (a) there is no Effective Date; (b) the Court fails to enter a Preliminary Approval Order substantially in the form attached as **Exhibit 4**; (c) the Court fails to enter a Final Approval Order, substantially in the form attached as **Exhibit 7,** or Final Judgment, substantially in the form attached as **Exhibit 8**; or (d) Generac elects to terminate pursuant to Section I.1 above.

3.      **Effect of Termination.**  In the event that this Settlement Agreement is voided, terminated, or cancelled, or fails to become effective for any reason whatsoever, then the Parties shall be deemed to have reverted to their respective statuses as of the date and time immediately prior to the execution of this Settlement Agreement, and they shall proceed in all respects as if this Settlement Agreement and any related orders had never been executed or accepted.  Without limiting the foregoing or the other agreements between the Parties in this Settlement Agreement, but rather for the sake of clarity, the Parties expressly agree that this Settlement Agreement, the settlement and mediation discussions leading to this Settlement Agreement, and any proceeding related to this Settlement Agreement are governed by Federal Rule of Evidence 408 and also shall not be construed as an admission or waiver by Generac or the Released Parties of any claim, defense, or argument.

## J.      OTHER TERMS AND CONDITIONS

1.      **Plaintiffs' Communications**.  Any press release issued by Plaintiffs of Plaintiffs' Counsel in connection with the resolution of the Lawsuit will be jointly prepared and agreed by the Parties.  Class Counsel may, however, post an update regarding the Lawsuit on its website

consistent with the language in this Settlement Agreement and on the Settlement Website.  Other than in notices, the preliminary and final approval motions, and in response to questions from individual Settlement Class Members, neither Plaintiffs nor Class Counsel will make, or cause anyone else to make, any public comments about the Lawsuit or the Settlement Agreement (other than directing individuals to the long-form notice on the Settlement Website, which is to be substantially in the form of **Exhibit 3**) without written approval from Generac.

2.    **Confirmatory Discovery**.  Class Counsel shall be permitted mutually agreeable confirmatory discovery from Generac's Senior Corporate Quality Control Manager.

3.    **No Admission of Liability**. This Settlement Agreement is made for the sole purpose of attempting to consummate a settlement of the Lawsuit on a class-wide basis. This Settlement Agreement is made in compromise of disputed claims and shall not be construed as an admission of liability by Generac or any Released Party. Because this is a class action settlement, this Settlement Agreement must receive preliminary and final approval by the Court. It is an express condition of this Settlement Agreement that the Court shall enter the Final Approval Order and Final Judgment and that the Settlement Agreement reach the Effective Date.  In the event that the Effective Date does not occur, this Settlement Agreement shall be terminated and only those provisions necessary to effectuate termination and to restore fully the Parties to their respective positions before entry of this Settlement Agreement shall be given effect and enforced.  In such event, the Parties shall bear their own costs and attorneys' fees in all respects, including without limitation with regard to the efforts to obtain any Court approval under this Settlement Agreement.

4.    **Exclusive and Continuing Jurisdiction**. The Court shall retain exclusive and continuing jurisdiction to interpret and enforce the terms, conditions, and obligations of this Settlement Agreement and its own orders and judgments.

a.      In the event of a breach of this Settlement Agreement by Plaintiffs, Generac, or a Settlement Class Member, the Court may exercise all of its equitable powers to enforce this Settlement Agreement and the Final Approval Order and Final Judgment irrespective of the availability or adequacy of any remedy at law. Such powers include, among others, the power of specific performance and injunctive relief.

b.      Generac, Class Counsel, and Plaintiffs agree, and Settlement Class Members and Claimants will be deemed to have agreed, to submit irrevocably to the exclusive jurisdiction of the Court for the resolution of any matter covered by this Settlement Agreement, the Release, the Final Approval Order, or the Final Judgment, or the applicability of this Settlement Agreement, the Release, the Final Approval Order, or the Final Judgment.

c.      In the event that the provisions of this Settlement Agreement, the Release, the Final Approval Order, or the Final Judgment are asserted by any Released Party as a ground for a defense, in whole or in part, to any claim or cause of action, or are otherwise raised as an objection in any other suit, action, or proceeding by any Releasing Party or any other Person covered by the Release, it is hereby agreed that the Released Party shall be entitled to seek an immediate stay of that suit, action, or proceeding until after the Court has entered an order or judgment determining any issues relating to the defense or objections based on such provisions.  Plaintiffs and Class Counsel will not oppose such relief.

5.      **Stay of Proceedings**. The proposed Preliminary Approval Order shall request that all further proceedings in the Lawsuit be stayed except as necessary to approve and effectuate the Settlement.

6.      **Defendants' Attorneys' Fees and Costs**. Generac shall bear its own attorneys' fees and costs in the Lawsuit.

7.      **Representation by Counsel**. The Parties are represented by competent counsel, and they have had an opportunity to consult and have consulted with counsel prior to executing this Settlement Agreement. Each Party represents that it understands the terms and consequences of executing this Settlement Agreement, and executes it and agrees to be bound by the terms set forth herein knowingly, intelligently, and voluntarily.

8.      **Mutual Full Cooperation**. The Parties agree to cooperate with each other in good faith to accomplish the terms of this Settlement Agreement, including the execution of such documents and such other action as may reasonably be necessary to implement the terms of this Settlement Agreement and obtain the Court's final approval of the Settlement Agreement including the entry of an order dismissing the Lawsuit with prejudice.

9.      **No Tax Advice**. Neither the Parties nor their counsel intend anything contained herein to constitute legal advice regarding the taxability of any amount paid hereunder, and no Person shall rely on anything contained in this Settlement Agreement to provide tax advice, and shall obtain his, her, or its own independent tax advice with respect to any payment under this Agreement.

10.     **Notices**. Unless otherwise specifically provided herein, all notices, demands, or other communications given hereunder shall be in writing by mail or email and addressed as follows:

To Plaintiffs and the Settlement Class:

Joseph G. Sauder
Joseph B. Kenney
SAUDER SCHELKOPF LLC
1109 Lancaster Avenue
Berwyn, PA 19312
jgs@sstriallawyers.com
jbk@sstriallawyers.com

To Generac:

Michael P. Daly
Meaghan V. Geatens
Faegre Drinker Biddle & Reath LLP
One Logan Square, Ste. 2000
Philadelphia, PA 19103
michael.daly@faegredrinker.com
meaghan.geatens@faegredrinker.com

11.    **Drafting of Agreement**. The language of all parts of this Settlement Agreement shall be construed as a whole, according to its fair meaning, and not strictly for or against any Party. No Party shall be deemed the drafter of this Settlement Agreement. The Parties acknowledge that the terms of this Settlement Agreement are contractual and are the product of negotiations between the Parties and their counsel. Each Party and its counsel cooperated in the drafting and preparation of this Settlement Agreement, and this Settlement Agreement shall not be construed against any Party because of their role in drafting it.

12.    **Governing Law**. This Settlement Agreement shall be governed by the laws of the Commonwealth of Pennsylvania, without regard to its conflict of laws rules or precedents.

13.    **Modification**. This Settlement Agreement may not be changed, altered, or modified, except in writing and signed by all Parties. The Settlement Agreement may not be discharged except by performance in accordance with its terms or by a writing signed by all Parties.

14.    **Integration**. This Settlement Agreement and its Exhibits contain the entire agreement between the Parties relating to the Settlement and all prior or contemporaneous agreements, understandings, representations, and statements, whether oral or written and whether by a Party or its counsel, are merged herein.  Each Party represents and warrants that it is not relying on any representation not expressly included in this Settlement Agreement. No rights hereunder may be waived except in writing.

15. **Extensions**.  The Parties reserve the right, subject to the Court's approval, to agree to any reasonable extensions of time that might be necessary to carry out any of the provisions of this Settlement Agreement.

16. **Use in Other Proceedings**. The Parties expressly acknowledge and agree that this Settlement Agreement and its Exhibits, along with all related drafts, motions, pleadings, conversations, negotiations, and correspondence, constitute an offer of compromise and a compromise within the meaning of Federal Rule of Evidence 408 and any equivalent rule of evidence in any state. In no event shall this Settlement Agreement, any of its provisions or any negotiations, statements or court proceedings relating to its provisions in any way be construed as, offered as, received as, used as, or deemed to be evidence of any kind in the Lawsuit, in any other action, or in any judicial, administrative, regulatory or other proceeding, except in a proceeding to enforce this Settlement Agreement or the rights of the Parties, their counsel, or the Released Parties. Without limiting the foregoing, neither this Settlement Agreement nor any related negotiations, statements, or court proceedings shall be construed as, offered as, received as, used as or deemed to be evidence or an admission or concession of any liability or wrongdoing whatsoever on the part of any Person, including, but not limited to, the Released Parties, Plaintiffs, or the Settlement Class or as a waiver by the Released Parties, Plaintiffs, or the Settlement Class of any applicable privileges, claims or defenses.

17. **Subheadings**. Sub-headings in this Settlement Agreement are for purposes of clarity only and are not intended to modify the terms of this Settlement Agreement's text, which are controlling.

18.    **Waiver**. The waiver by any party to this Settlement Agreement, of any breach of its terms shall not be deemed or construed to be a waiver of any other breach of this Settlement Agreement, whether prior, subsequent, or contemporaneous.

19.    **Signatures**. Each Person executing this Settlement Agreement on behalf of any Party warrants that such Person has the authority to do so. This Settlement Agreement shall be binding upon, and inure to the benefit of, the agents, heirs, executors, administrators, successors, and assigns of the Parties.

20.    **Counterparts**. This Settlement Agreement may be executed in any number of counterparts, including by electronic signature, each of which shall be deemed to be an original. All counterparts shall constitute one Settlement Agreement, binding on all Parties, regardless of whether all Parties are signatories to the same counterpart, but the Settlement Agreement will be without effect until and unless all Parties to this Settlement Agreement have executed a counterpart.

[THE REMAINDER OF THIS PAGE HAS INTENTIONALLY BEEN LEFT BLANK]

AGREED AND ENTERED INTO BY EACH PARTY ON THE DATES SET FORTH BELOW:

Dated: February 3, 2023

By: Raj Kanuru
Title: Executive Vice President, General Counsel
On behalf of Generac Power Systems, Inc.

Dated: February ___, 2023

_____
Joseph G. Sauder
Class Counsel

Dated: February ___, 2023

_____
Greg McMahon
Plaintiff

Dated: February ___, 2023

_____
Adam Goldberg
Plaintiff

38

**AGREED AND ENTERED INTO BY EACH PARTY ON THE DATES SET FORTH BELOW:**

Dated: February __, 2023

_____
By: Raj Kanuru
Title: Executive Vice President, General Counsel
On behalf of Generac Power Systems, Inc.

Dated: February 3, 2023

_____
Joseph G. Sauder
Class Counsel

Dated: February __, 2023

_____
Greg McMahon
Plaintiff

Dated: February __, 2023

_____
Adam Goldberg
Plaintiff

**AGREED AND ENTERED INTO BY EACH PARTY ON THE DATES SET FORTH BELOW:**

Dated: February __, 2023

_____
By: Raj Kanuru
Title: Executive Vice President, General Counsel
On behalf of Generac Power Systems, Inc.

Dated: February __, 2023

_____
Joseph G. Sauder
Class Counsel

Dated: February 03 , 2023

_____
Greg McMahon
Plaintiff

Dated: February __, 2023

_____
Adam Goldberg
Plaintiff

**AGREED AND ENTERED INTO BY EACH PARTY ON THE DATES SET FORTH BELOW:**

Dated: February ___, 2023

                                      _____
By: Raj Kanuru
Title: Executive Vice President, General Counsel
On behalf of Generac Power Systems, Inc.

Dated: February ___, 2023

                                      _____
Joseph G. Sauder
Class Counsel

Dated: February ___, 2023

                                      _____
Greg McMahon
Plaintiff

Dated: February [3], 2023

                                      *Adam Goldberg*
                                      Adam Goldberg (Feb 3, 2023 13:02 EST)
                                      Adam Goldberg
                                      Plaintiff

# EXHIBIT 1

**In the United States District Court for the Eastern District of Pennsylvania**
*McMahon v. Generac Power Systems, Inc.*, No. 2:21-cv-05660

## Settlement Claim Form

---

**If you are a Settlement Class Member and would like to receive a reimbursement for a previously paid plenum inspection fee or obtain a free plenum inspection and associated repair (if applicable), your Claim Form must be completed and postmarked on or before [Claims Deadline].  Settlement Class Members will be bound by the Release set forth on the Settlement Website.  Please read the full notice at [website] before submitting this form.**

---

## PART ONE – CLAIMANT INFORMATION

You must provide your name and current contact information below. It is your responsibility to tell the Settlement Administrator if your contact information changes after you submit this form.

_____        _____

FIRST NAME                                    LAST NAME

_____

STREET ADDRESS

_____               _____     _____

CITY                                STATE     ZIP CODE

_____           _____

TELEPHONE NUMBER                     EMAIL ADDRESS

---

## PART TWO – GENERATOR INFORMATION

You must provide information about the location of your generator below.

_____

INSTALLATION STREET ADDRESS

_____              _____              _____

CITY                         STATE               ZIP CODE

Unit        Serial        Number:
_____

---

## PART THREE – CLAIM INFORMATION

---

There are two groups of Settlement Class Members: those who can make a Reimbursement Claim for their $80 unreimbursed inspection fees incurred prior to [Preliminary Approval Date], and those who can make an Inspection Claim for a cost-free plenum inspection by an Authorized Service Dealer.  Please check the relevant boxes below to claim your benefits under the settlement. If the type of claim you make requires that you submit additional support with your claim, you must submit that additional support with this form.

**REIMBURSEMENT CLAIM:**

To make a Reimbursement Claim, you must be able to check <u>all</u> of the following four boxes:

☐        I own or owned a Generac home standby generator;

☐        That generator was part of Generac's voluntary inspection program pursuant to the Inspection Notice Letter;

☐        I paid $80 to take part in the Inspection Program; and

☐        I was not previously reimbursed by Generac or the service provider for the cost of the Inspection Program.

If you are making a Reimbursement Claim, you must also choose your preferred payment method and provide the information requested below:

☐        PayPal: _____ [PayPal email]
☐        Venmo: _____ [Venmo Username]
☐        Zelle: _____ [Zelle account information]
☐        Direct Deposit: _____
          _____ [Bank Name, Acct. Number, & Routing Number]
☐        Check (would be mailed to the mailing address provided above)

**INSPECTION CLAIM:**

To make an Inspection Claim, you must be able to check <u>all</u> of the following three boxes:

☐        I currently own a Generac home standby generator;

☐     That generator was part of Generac's voluntary inspection program pursuant to the Inspection Notice Letter; and

☐     I have not had that generator's plenum inspected through the Inspection Program.

You must also be able to check at least <u>one</u> of the following three boxes:

☐     that generator has not received general maintenance or service from an Authorized Service Dealer since the start of the Inspection Program; or

☐     although that generator has received general maintenance or service from an Authorized Service Dealer since the start of the Inspection Program, it was not examined for corrosion on the plenum surface; or

☐     that generator has corrosion on the plenum surface.

If you checked the second option regarding maintenance, you must also include a narrative statement that explains the maintenance or service that was performed on your generator and the name of the Generac Authorized Service Dealer that performed the maintenance. If you checked the third option, you must also include photographic support that shows the corrosion on your generator's plenum.

## PART FOUR – CLAIMANT ATTESTATION

☐     This is the only Claim Form that I am submitting.

☐     I declare under penalty of perjury that all of the information I have provided on or with this claim form is true and correct.

_____    _____
SIGNATURE                               DATE

## PART FIVE – CHECKLIST

Before submitting this Claim Form, please make sure you have:

1.     completed all fields and provide all information requested in the Claimant Information (Part One), Generator Information (Part Two), and Claim Information (Part Three) sections of this Claim Form; and

2.     signed the Attestation (Part Four). You must sign the Attestation to be eligible to receive

any benefits under the Settlement Agreement.

Please keep a copy of your Claim Form for your records.

QUESTIONS? VISIT **[WEBSITE]** OR CALL [NUMBER] TOLL-FREE

# EXHIBIT 2

## L<small>EGAL</small> N<small>OTICE</small>

*Please read this Notice as it affects your legal rights.*
*A federal court authorized this notice.  It is not a solicitation from a lawyer.*

## If you own or owned a Generac home standby generator with a fuel plenum that was part of Generac's voluntary fuel plenum inspection program, you may be entitled to benefits from a class action settlement

A settlement has been proposed in a class action against Generac Power Systems, Inc. ("Generac").  The case concerns an Inspection Notice Letter that was sent to owners of certain Generac air cooled home standby generators in specific regions of the United States that were manufactured between 2008-2016.  The Inspection Notice Letter offered inspections of generators' fuel plenums for a discounted $80 fee that would be refunded if a plenum had significant corrosion (the "Inspection Program").  The Plaintiffs allege that Generac should not have had fees associated with the inspections, and that doing so amounted to a breach of its express and implied warranties.  Generac denies any liability and has moved to dismiss the Plaintiffs' claims.  The parties subsequently settled the lawsuit in order to avoid the costs, uncertainty, and inconvenience of litigation.

**Who's included in the Settlement Class?** The Settlement Class is defined as "(1) all current or former owners of a Class Generator [defined as a Generac home standby generators that were part of the Inspection Program] who paid a $80 Inspection Program fee that was not reimbursed prior to the [date the Court preliminarily approves the Settlement], and (2) all current owners of Class Generators that were not inspected pursuant to the Inspection Program prior to the [date the Court preliminarily approves the Settlement]."  "Excluded from the Settlement Class are: (i) Generac, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Generac has a controlling interest; (ii) the judge presiding over the Lawsuit and any member of the Court's staff and immediate family; and (iii) local, municipal, state, and federal governmental entities."

**What benefits does the Settlement provide?** The Settlement provides for (1) a refund of the unreimbursed $80 inspection fee for Settlement Class Members who paid for an inspection as part of the Inspection Program and (2) a cost-free plenum inspection by an Authorized Service Dealer, subject to certain conditions, for Settlement Class Members who have not had their plenum inspected for free through the Inspection Program, along with a repair of the plenum if it is found to be corroded after inspection.  To receive your benefit, you must submit a valid and timely Claim Form.   Claims must be submitted by [DATE].   You can file your Claim online at www.fuelplenumsettlement.com or download a Claim Form and file it by mail.

**Your other options.** If you do not want to be legally bound by the Settlement, you must exclude yourself by **INSERT**. If you do not exclude yourself, you may object to the Settlement by submitting a written objection by **INSERT**.  The Notice of Settlement available at the website explains how to exclude yourself from or object to the Settlement. The Court will hold a Final Approval Hearing on **INSERT** to decide whether to approve the Settlement, whether to award Class Counsel attorneys' fees and expenses up to $1.5 million paid separately from the class relief, and whether to award the Class Representatives service awards of up to $2,500. You may hire you own attorney at your own expense but you do not have to.  If approved, these amounts, as well as all settlement administration costs, will be paid by Generac.  For detailed information call **+1- INSERT** or visit **INSERT.**

# EXHIBIT 3

## NOTICE OF CLASS ACTION SETTLEMENT

*UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF PENNSYLVANIA*

*Please read this Notice as
it affects your legal rights.
A federal court authorized this notice.
This is not a solicitation from a lawyer.*

**Attention:** **If you own or owned a Generac home standby generator with a fuel plenum that was part of Generac's voluntary fuel plenum inspection program, you may be entitled to benefits from a class action settlement.[1]**

- A settlement has been proposed in a class action against Generac Power Systems, Inc. ("Generac").

- The case concerns an Inspection Notice Letter that was sent to owners of certain Generac air cooled home standby generators in specific regions of the United States for units that were manufactured between 2008 - 2016.

- The Inspection Notice Letter offered inspections of generators' fuel plenums for a discounted $80 fee that would be refunded if a plenum had significant corrosion (the "Inspection Program").

- The Plaintiffs allege that Generac should not have had fees associated with the inspections, and that doing so amounted to a breach of Generac's express or implied warranties.

- Generac denies any liability and has moved to dismiss the Plaintiffs' claims.  The parties subsequently settled the lawsuit in order to avoid the costs, uncertainty, and inconvenience of litigation.

- The Settlement provides three kinds of potential benefits to Settlement Class Members: reimbursement, inspection, and, if necessary, replacement.

    - First, Settlement Class Members who paid for an inspection of their Class Generator pursuant to the Inspection Program and the Inspection Notice Letter can file a claim (a "Reimbursement Claim") for a refund of their unreimbursed, out-of-pocket $80 inspection fee.

    - Second, Settlement Class Members who have not had their generator plenum inspected through the Inspection Program can submit a claim for a cost-free plenum inspection of their Class Generator by an Authorized Service Dealer (an "Inspection

---

[1] The definition of any capitalized term not defined herein can be found in the Settlement Agreement which can be downloaded at the Settlement Website: www.fuelplenumsettlement.com.

Claim"). To do so, Claimants must: (i) attest that the Class Generator has not received general maintenance or service from an Authorized Service Dealer since the start of the Inspection Program; (ii) attest that, although the Class Generator has received general maintenance or service from an Authorized Service Dealer since the start of the Inspection Program, it nevertheless was not examined for corrosion on the plenum surface (and must submit a supporting narrative statement to that effect with their claim); or (iii) attest that the Class Generator has corrosion on the plenum surface (and must submit supporting photographic evidence with their Inspection Claim).

- Third, if inspections of the Settlement Class Members' Class Generators finds corrosion on the plenum surface, they are eligible for a free replacement of the fuel plenum (inclusive of parts and labor) to be performed by a Generac Authorized Service Dealer.

- The Court has preliminarily approved the Settlement. This Notice provides information about the Lawsuit, the Settlement, and your options as a Settlement Class Member.

| Your Legal Rights and Options in This Settlement | |
|---|---|
| **Submit a Claim** <br> Deadline: **[INSERT]** | To receive a benefit, you must submit a Claim Form by the deadlines described below and listed on the Settlement Website, www.fuelplenumsettlement.com. |
| **Request Exclusion / Opt-Out** <br> Deadline: **[INSERT]** | This option, described in Sections 13 and 14 below, allows you to sue or continue to sue Generac regarding claims that Generac should have provided free generator plenum inspections to owners of Generac home standby generator owners with generators subject to the Inspection Program and that not doing so amounted to a breach of an express or implied warranty. If you opt-out, you will not be bound by any of the terms of the Settlement but you will also not be entitled to submit a Claim Form for benefits under the Settlement or object to the terms of the Settlement. |
| **Objection** <br> Deadline: **[INSERT]** | You are entitled to submit a written objection telling the Court what you do not like about the Settlement pursuant to the procedures described in Section 15 below. |
| **Attend the Final Approval Hearing Scheduled for [INSERT]** | You are entitled to attend the Final Approval Hearing at which the Court will consider whether to grant final approval of the Settlement. The date and time of the Final Approval Hearing may be changed by the Court. Please check the Settlement Website at www.fuelplenumsettlement.com for updates. |

| | |
|---|---|
| **Do Nothing** | If you are a Settlement Class Member and do nothing, you will be bound by the terms of the Settlement if it is approved by the Court, whether or not you submit a Claim Form, and you will be subject to the Release set forth in the Settlement. |

**TABLE OF CONTENTS**

1. WHY WAS THIS NOTICE ISSUED? ........................................................................................ 4

2. WHAT IS THE LAWSUIT ABOUT? ...................................................................................... 4

3. WHAT IS A CLASS ACTION? ............................................................................................... 4

4. WHY IS THERE A SETTLEMENT? ....................................................................................... 4

5. AM I A SETTLEMENT CLASS MEMBER? ........................................................................... 4

6. HOW DO I KNOW IF MY RESIDENCE OR BUILDING HAS THESE PRODUCTS? ............................ 5

7. WHAT BENEFITS ARE AVAILABLE UNDER THE SETTLEMENT? ........................................... 5

8. WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT OR INSPECTION? ................................ 6

9. HOW DO I SUBMIT A CLAIM FORM? .................................................................................. 6

10. WHAT ARE THE RELEASED CLAIMS? ............................................................................... 6

11. WHO IS CLASS COUNSEL? ............................................................................................... 8

12. CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS. ......................................................... 8

13. HOW DO I OPT OUT OF THE SETTLEMENT? ..................................................................... 8

14. WHAT HAPPENS IF I DO NOT OPT-OUT OF THE SETTLEMENT? ........................................ 9

15. HOW DO I OBJECT TO THE SETTLEMENT? ....................................................................... 9

16. WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND OPTING OUT? ............................... 10

17. WHEN AND WHERE IS THE FINAL APPROVAL HEARING? .................................................. 10

18. HOW DO I GET MORE INFORMATION? .............................................................................. 11

19. WHAT IF MY INFORMATION CHANGES AFTER I SUBMITTED A CLAIM? ............................... 11

## 1. WHY WAS THIS NOTICE ISSUED?

You received this Notice of Settlement because Generac's records indicate that you may own or have owned a Class Generator.

The United States District Court for the Eastern District of Pennsylvania preliminarily approved the Settlement and authorized this Notice to inform you about your options before it decides whether to grant final approval of the Settlement. Additional information about the Settlement can be found at www.fuelplenumsettlement.com.

## 2. WHAT IS THE LAWSUIT ABOUT?

A settlement has been proposed in a class action against Generac Power Systems, Inc. ("Generac"). The case concerns an Inspection Notice Letter that was sent to owners of certain Generac air cooled home standby generators in specific regions of the United States for units that were manufactured between 2008 - 2016. The Inspection Notice Letter offered inspections of the generators' fuel plenums for a discounted $80 fee that would be refunded if a plenum had significant corrosion (the "Inspection Program"). The Plaintiffs claimed that Generac should not have had a fee associated with the inspection, and that doing so amounted to a breach of its express and implied warranties. Generac denies any liability and maintains that it did not violate any warranties. Generac has historically instructed and expected Authorized Service Dealers to examine fuel systems (including the fuel plenum) during any general maintenance or service visits. The parties subsequently settled the lawsuit in order to avoid the costs, uncertainty, and inconvenience of litigation.

**The Settlement does not include, or release, any claims for personal injury, property damage (other than damage to the Class Generators related to the plenum), or subrogation.**

## 3. WHAT IS A CLASS ACTION?

In a class action lawsuit, one or more people sue on behalf of other people who allegedly have similar claims. For purposes of this settlement, one court will resolve the issues alleged in the Lawsuit for all Settlement Class Members.

## 4. WHY IS THERE A SETTLEMENT?

Generac denies that it has done anything wrong and admits no liability. The Court has not decided that the Plaintiffs or Generac should win the Lawsuit. Instead, both sides agreed to a Settlement Agreement. That way, they avoid the cost of a trial, and the Settlement Class Members will receive benefits now rather than years from now, if at all.

## 5. AM I A SETTLEMENT CLASS MEMBER?

The term "Settlement Class" is defined in the Settlement Agreement as:

(1) all current or former owners of a Class Generator who paid an Inspection Program fee up to $80 that was not reimbursed prior to the Preliminary Approval Date, and

(2) all current owners of Class Generators that were not inspected pursuant to the Inspection Program prior to the Preliminary Approval Date.

Excluded from the Settlement Class are: (i) Generac, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Generac has a controlling interest; (ii) the judge presiding over the Lawsuit and any member of the Court's staff and immediate family; and (iii) local, municipal, state, and federal governmental entities.

The term "Class Generators" means Generac home standby generators that were part of the Inspection Program.

The term "Inspection Program" means the voluntary inspection program previously offered by Generac pursuant to the Inspection Notice Letter, in which owners of Class Generators could schedule an inspection of their Class Generator's fuel plenum for a discounted, $80 inspection fee that would be reimbursed if the fuel plenum had significant corrosion.

The term "Inspection Notice Letter" means a letter from Generac, to the owners of Class Generators, containing notice of the Inspection Program.

## 6. HOW DO I KNOW IF MY RESIDENCE OR BUILDING HAS THESE PRODUCTS?

Class Generators can be identified by serial number. The Settlement Website will have a dedicated page to help you locate the serial number on the Class Generators and verify whether the unit is included within the class.

## 7. WHAT BENEFITS ARE AVAILABLE UNDER THE SETTLEMENT?

The Settlement will provide the following benefits to Eligible Claimants who submit a valid and timely Claim Form to the Settlement Administrator:

**Reimbursement Claims**. Settlement Class Members who paid for an inspection pursuant to the Inspection Program and the Inspection Notice Letter prior to [Preliminary Approval Date] can file a claim (a "Reimbursement Claim") for their unreimbursed, out-of-pocket inspection fee of $80.00.

**Inspection Claims**. Settlement Class Members who have not had their generator plenum inspected through the Inspection Program can submit a claim for a cost-free plenum inspection of their Class Generator by an Authorized Service Dealer (an "Inspection Claim"). To do so, Claimants must: (i) attest that the Class Generator has not received general maintenance or service from an Authorized Service Dealer since the start of the Inspection Program; (ii) attest that, although the Class Generator has received general maintenance or service from an Authorized Service Dealer

since the start of the Inspection Program, it nevertheless was not examined for corrosion on the plenum surface (and must submit a supporting narrative statement to that effect with their claim); or (iii) attest that the Class Generator has corrosion on the plenum surface (and must submit photographic support with their Inspection Claim). Generac will identify local Authorized Service Dealers who will perform the free inspections for approved claimants.

**Replacements.** If inspections of the Settlement Class Member's Class Generator inspection finds corrosion on the plenum surface, that Settlement Class Member would be eligible for a free replacement of the fuel plenum (inclusive of parts and labor) to be performed by a Generac Authorized Service Dealer.

## 8.   WHEN WILL I RECEIVE MY SETTLEMENT PAYMENT OR INSPECTION?

The Court will hold a hearing on [INSERT] at [INSERT].m. to decide whether to approve the Settlement Agreement.  If the Court approves the settlement, there may then be appeals which may delay the conclusion of the case.  It is always uncertain whether such appeals will result in a favorable decision for the Settlement Class, and concluding them can take time, perhaps more than a year.   You can check on the progress of the case on the Settlement Website at www.fuelplenumsettlement.com.  *Please be patient.*

## 9.   HOW DO I SUBMIT A CLAIM FORM?

To be eligible to receive any of the benefits described above, you must complete and submit a valid and timely Claim Form. Your Claim Form and supporting documentation may be submitted:

- through the claim portal on the Settlement Website, www.fuelplenumsettlement.com;

- by email to the Settlement Administrator using the email address [INSERT]; or

- by U.S. Mail to the Settlement Administrator using the address: [INSERT].

Claim Forms are available for download at www.fuelplenumsettlement.com, and are also available by email or by writing to the Settlement Administrator using the information above.

The deadline for submitting a Claim is [INSERT].

Please check the Settlement Website at www.fuelplenumsettlement.com, for updates regarding the Effective Date and corresponding Claim Form Deadline dates. **In any event, please file your Claim Form as soon as possible.**

## 10.   WHAT ARE THE RELEASED CLAIMS?

**Release**. Upon the Effective Date of the Settlement, the Releasing Parties will release and forever discharge the Released Parties from the Released Claims.  Those terms are defined as follows:

- **Releasing Parties:** Plaintiffs and all Settlement Class Members (whether or not they submit a Claim Form or are Eligible Claimants), and their respective assigns, heirs, successors, predecessors, parents, subsidiaries, officers, directors, shareholders, members, managers, partners, principals, representatives, and employees (each solely in their respective capacity as such), and all those who assert or could asserts claims on their behalf (but excluding any Person who timely opted out of the Settlement).

- **Released Parties:** Generac and each of its past, present, and future members, owners, direct and indirect parents, subsidiaries, managers, divisions, predecessors, successors, holding companies, and affiliated companies and corporations, and each of the past, present, and future directors, officers, managers, members, employees, contractors, general partners, limited partners, investors, controlling persons, owners, trustees, principals, agents, associates, administrators, insurers, reinsurers, shareholders, attorneys, accountants, advisors, consultants, assignors, assignees, representatives, fiduciaries, predecessors, successors, divisions, joint ventures, or related entities of those companies including, but not limited to, vendors, subvendors, contractors, subcontractors, authorized service dealers, and other service providers.

- **Released Claims:** any and all claims, causes of action, suits, obligations, debts, demands, agreements, promises, liabilities, damages, losses, controversies, costs, expenses, and attorneys' fees of any nature whatsoever, whether based on any federal law, state law, common law, territorial law, foreign law, contract, rule, regulation, any regulatory promulgation (including, but not limited to, any opinion or declaratory ruling), common law or equity, whether known or unknown, suspected or unsuspected, asserted or unasserted, foreseen or unforeseen, latent or patent, actual or contingent, liquidated or unliquidated, punitive or compensatory, of every nature and description whatsoever, as of the date of the Final Approval Order, that arise out of or relate in any way to the Class Generators' plenums, the Inspection Program, and/or the Inspection Notice Letter. Without limiting the generality of the foregoing, Released Claims shall include, with regard to the foregoing subject matter: (1) any class, group, collective or individual claim for any breach or violation of any federal or state statute, case law, common law or other law; (2) any claim for breach of any duty imposed by law, by contract or otherwise; and (3) any claim for damages, injunctive relief, declaratory relief, class damages or relief, penalties, punitive damages, exemplary damages, restitution, rescission or any claim for damages based upon any multiplication or enhancement of compensatory damages arising out of or relating to the above.

- **Exclusions from Released Claims:** The Released Claims exclude any claims for death, personal injury, property damage (other than damage to the Class Generators related to the plenum), or subrogation.

- **Important Note:** The releases are a consequence of membership in the Settlement Class and the Court's approval process, and are not conditional on receipt of inspections, replacement plenums, or any payment or other benefit by any particular member of the Settlement Class.

7

## 11.  WHO IS CLASS COUNSEL?

In its Preliminary Approval Order, the Court appointed Sauder Schelkopf LLC as Class Counsel to represent Plaintiffs and the Settlement Class Members. You will not be charged for these lawyers. If you wish to be represented by your own lawyer, you may hire one at your own expense. The contact information for Class Counsel is set forth below:

Joseph G. Sauder
Joseph B. Kenney
Sauder Schelkopf LLC
1109 Lancaster Avenue
Berwyn, PA 19312
Telephone: (888) 711-9975
Email: info@sstriallawyers.com
Website: www.sauderschelkopf.com

## 12.  CLASS COUNSEL'S ATTORNEYS' FEES AND COSTS.

Within the time period established by the Court and no later than fourteen (14) days prior to the Objection and Opt-Out Deadline, Class Counsel will file a Motion for Approval of Attorneys' Fees, Cost and Service Awards to be paid by Generac, which shall be included on the Settlement Website. Class Counsel in the Lawsuit shall apply for the following: (a) attorneys' fees and costs not to exceed $1,500,000 and (b) service awards of $2,500 for Greg McMahon and Adam Goldberg, in recognition of their time, costs and effort in the Lawsuit, including, for example, gathering documents and materials and performing other representative duties.

## 13.  HOW DO I OPT OUT OF THE SETTLEMENT?

Settlement Class Members may submit a Request for Exclusion from (*i.e.*, "opt-out" of) the Settlement to preserve their individual rights to sue or continue to sue Generac with respect to the Class Generators' plenums, the Inspection Program, and/or the Inspection Notice. A member of the Settlement Class who submits a valid Request for Exclusion cannot object to the Settlement and is not eligible to receive benefits under the Settlement.  If you have requested exclusion from the settlement, you may not speak at the Final Approval Hearing because you are not bound by the settlement.

To validly request exclusion from the Settlement Class, a Settlement Class Member must submit a written request to opt out to the Settlement Administrator that it is postmarked by [INSERT] stating "I wish to exclude myself from the Settlement Class in the Plenum Inspection Program Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class Member's printed name, address, telephone number, email address (if any), and date of birth, generator serial number, and the address at which the generator is installed. The Request for Exclusion must contain the actual written signature of the Settlement Class Member seeking to exclude himself or herself from the Settlement Class. Requests for Exclusion

cannot be made on a group or class basis, except that joint owners of the same residence or structure may opt out by using the same form so long as it is individually signed by each joint owner.

All Requests for Exclusion must be sent to the Settlement Administrator at the following address: [INSERT]

A  Settlement Class Member who opts out can, on or before the Objection and Opt-Out Deadline, withdraw their Request for Exclusion by submitting a written request to the Settlement Administrator stating their desire to revoke their Request for Exclusion along with their written signature.

## 14.  WHAT HAPPENS IF I DO NOT OPT-OUT OF THE SETTLEMENT?

Any Settlement Class Member who does not submit a valid and timely written Request for Exclusion shall be bound by all subsequent proceedings, orders and judgments in this Lawsuit, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims.

## 15.  HOW DO I OBJECT TO THE SETTLEMENT?

Settlement Class Members who do not submit a written Request for Exclusion may present a written objection to the Settlement explaining why they believe that the Settlement should not be approved by the Court as fair, reasonable, and adequate. To object to the Settlement, a Settlement Class Member must submit a written objection to the Settlement Administrator that it is postmarked on or before [INSERT], and include a detailed written statement of the objection(s) and the aspect(s) of the Settlement being challenged, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention. Any objection after that time will not be considered.  All written Objections must be sent to the Settlement Administrator at the following address: [INSERT]

That written statement shall contain (a) the Settlement Class Member's printed name, address, telephone number, email address (if any), and date of birth; (b) evidence showing that the objector is a Settlement Class Member, including the address of the residence or structure that contains or contained the Class Generator and proof that the residence or structure contains or contained the Class Generator (photographs, contemporaneous installation records, etc.); (c) any other supporting papers, materials, or briefs that the objecting Settlement Class Member wishes the Court to consider when reviewing the objection; (d) the actual written signature of the Settlement Class Member making the objection; and (e) a statement whether the objecting Settlement Class Member and/or his, her, or its counsel intend to appear at the Final Approval Hearing.

A Settlement Class Member may object on his or her own behalf or through an attorney; however, even if represented, the Settlement Class Member must individually sign the objection and all attorneys who are involved in any way asserting objections on behalf of the Settlement Class

Member must be listed on the objection papers. Counsel for the Parties may take the deposition of any objector prior to the Final Approval Hearing in a location convenient for the objector.

If a Settlement Class Member or counsel for the Settlement Class Member who submits an objection to this Settlement has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

Any objector who files and serves a timely written objection as described above may appear and speak at the Final Approval Hearing, either in person at their own expense or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement on the basis set forth in the written objection. As noted above, objectors or their attorneys who intend to make an appearance at the Final Approval Hearing must state their intention to appear in the objection.

An objector shall be entitled to all of the benefits of the Settlement if this Settlement Agreement and the terms contained herein are approved, as long as the objector complies with all requirements of this Settlement Agreement applicable to Settlement Class Members, including the timely and complete submission of a Claim Form and other requirements herein.  A Settlement Class Member who objects can, on or before the Final Approval Hearing, withdraw their objection by submitting a written request to the Settlement Administrator stating their desire to withdraw their objection along with their signature.

## 16.  WHAT IS THE DIFFERENCE BETWEEN OBJECTING AND OPTING OUT?

Objecting is simply telling the Court that you disagree with something about the Settlement Agreement.  You can object only if you stay in the Settlement Class.  Excluding yourself is telling the Court that you don't want to be part of the Settlement Class.  If you exclude yourself, you have no basis to object because the settlement no longer affects you.

## 17.  WHEN AND WHERE IS THE FINAL APPROVAL HEARING?

The Court will hold a Final Approval Hearing on [INSERT] at [XX:XX a.m./p.m.], at the United States District Court for the Eastern District of Pennsylvania at 601 Market St, Philadelphia, PA 19106, before Judge Gerald J. Pappert, to consider whether the Settlement is fair, adequate, and reasonable, and whether it should be finally approved. If there are objections, the Court will consider them at that time. The Court will also consider at this time Class Counsel's Motion for Attorneys' Fees, Costs and Service Awards.

**Important:** The date and time of the Final Approval Hearing may be changed by the Court.  Please check the Settlement Website at [INSERT] for updates.

Please note that Class Counsel is working on your behalf and will answer any questions that the Court may have about the Settlement. You are welcome to attend the Final Approval Hearing but your appearance is not necessary to receive any benefits available under the Settlement.

## 18.  HOW DO I GET MORE INFORMATION?

This Notice only summarizes the Settlement. The full Settlement Agreement and Exhibits (including copies of this Notice and the Claim Form) are located on the Settlement Website, www.fuelplenumsettlement.com.

If you need more information or have any questions, you may contact the Settlement Administrator via the Settlement Website, www.fuelplenumsettlement.com, by toll-free telephone at [INSERT], or by email at [INSERT].

**PLEASE DO NOT WRITE OR CALL THE COURT, THE CLERK OF THE COURT, GENERAC, OR COUNSEL FOR GENERAC FOR INFORMATION ABOUT THE SETTLEMENT OR THIS LAWSUIT.**

## 19.  WHAT IF MY INFORMATION CHANGES AFTER I SUBMITTED A CLAIM?

It is your responsibility to inform the Settlement Administrator of your updated information.  You may do so at the address below: **[INSERT]**

# EXHIBIT 4

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG,<br><br>          Plaintiffs,<br><br>     v.<br><br>GENERAC POWER SYSTEMS, INC.,<br><br>          Defendant. | Civil Action No. 2:21-cv-05660 |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS,
DIRECTING NOTICE TO THE SETTLEMENT CLASS,
AND SCHEDULING FINAL APPROVAL HEARING**

Plaintiffs Greg McMahon and Adam Goldberg ("Plaintiffs") and Defendant Generac Power Systems, Inc. ("Generac"), have participated in mediation and executed a proposed Settlement Agreement (the "Settlement Agreement" or "Settlement"). Pursuant to the Settlement Agreement, Plaintiffs have moved for entry of an order granting preliminary approval of the Settlement. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Settlement Agreement. A copy of the Settlement Agreement has been filed with the Court and will be posted to the Settlement Website, www.fuelplenumsettlement.com. Having reviewed the Settlement Agreement and considered the submissions in support of preliminary approval of the Settlement, the Court now orders as follows:

## I.     CERTIFICATION OF SETTLEMENT CLASS

The Settlement Agreement provides for a class action settlement of the claims alleged in this Lawsuit. The Court has considered the (1) allegations, information, arguments, and

authorities provided by the Parties in connection with the pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval to the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue that may otherwise have existed if litigation continued. Based on those considerations, the Court hereby finds as follows for settlement purposes only at this time:

A.      That the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is in the tens of thousands and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

B.      The Court also concludes that, because the Lawsuit is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Lawsuit.

C.      Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby provisionally certifies the following Settlement Class for settlement purposes only:

(1) all current or former owners of a Class Generator who paid an $80 Inspection Program fee that was not reimbursed prior to the Preliminary Approval Date, and

(2) all current owners of Class Generators that were not inspected pursuant to the Inspection Program prior to the Preliminary Approval Date.

Excluded from the Settlement Class are: (i) Generac, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Generac has a controlling interest; (ii) the judge presiding over the Lawsuit and any member of the Court's staff and immediate family; and (iii) local, municipal, state, and federal governmental entities.

D.      Plaintiffs Greg McMahon and Adam Goldberg are appointed as the Class Representatives of the Settlement Class, and Joseph G. Sauder and Joseph B. Kenney of Sauder Schelkopf LLC are appointed as Class Counsel.

## II.     <u>PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT</u>

A.      On a preliminary basis, taking into account (1) the value and certainty of the benefits to be provided by the Settlement to Settlement Class Members who submit valid and timely Claim Forms; (2) the defenses asserted by Generac; (3) the risks to Plaintiffs and Settlement Class Members that Generac would successfully defend against class certification and/or against the merits of the claims alleged in this Lawsuit, whether litigated by Settlement Class Members themselves or on their behalf in a class action; and (4) the length of time that would be required for Settlement Class Members or any of them to obtain a final judgment through one or more trials and appeals, the Settlement appears sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class as set forth in the Settlement Agreement.

B.      Moreover, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (1) the Parties reached the Settlement only after extensive negotiations, which were contentious, at arm's-length,

3

and facilitated by an experienced mediator (Hon. Diane M. Welsh (Ret.) of JAMS), (2) the Plaintiffs obtained confirmatory discovery, and (3) the proponents of the Settlement are experienced in similar class action litigation.

      C.     Accordingly, the Settlement is hereby preliminarily approved.

## III.   APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN

As set forth in the Settlement Agreement, the Parties have submitted a proposed Notice Plan, including, without limitation, a Notice of Settlement and Claim Form, a proposed short form publication notice, provisions for providing notice of the Settlement through digital and print methods depending on the estimated reach of the notice to be sent directly to Settlement Class Members following to the efforts described in Paragraph D.8. of the Settlement Agreement, and a Settlement Website, www.fuelplenumsettlement.com. Having reviewed each, the Court finds and concludes as follows:

      A.     The notices attached as Exhibits to the Settlement Agreement fairly, accurately, and reasonably inform Settlement Class Members of: (1) appropriate information about the nature of this Lawsuit and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information regarding this matter and the Settlement, in particular, through the Settlement Website, www.fuelplenumsettlement.com; and (3) appropriate information about how to object to, or exclude themselves from, the Settlement if they wish to do so. The Notice of Settlement and proposed short form publication notice also fairly and adequately inform Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Approval Hearing or to otherwise contest approval of the

Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

B.      The Notice of Settlement and Claim Form, the short form publication notice, as well as the other notice methods described in the Notice Plan as set forth in the Settlement Agreement, satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

C.      Accordingly, the Court hereby approves the proposed Notice Plan and orders that the form and content of the proposed Notice of Settlement, the proposed short form publication notice, and the proposed Claim Form are hereby approved, and shall be provided to the Settlement Class by the Settlement Administrator as set forth in the Settlement Agreement.

D.      Generac shall notify the appropriate government officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Proof of compliance will be filed with the Motion for Final Approval.

E.      KCC Class Action Services, LLC is hereby appointed by the Court as the Settlement Administrator, whose reasonable fees and costs are to be paid by Generac.

F.      The Settlement Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

## IV.     REQUESTS FOR EXCLUSION AND OBJECTIONS

A.      All Settlement Class Members have the right to either opt out of or object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement, which

also will be set forth in the Notice of Settlement and on the Settlement Website at www.fuelplenumsettlement.com.

      B.     A member of the Settlement Class who submits a timely and valid Request for Exclusion cannot object to the Settlement and is not eligible to receive any Settlement Payment or Inspection.

      1.     To validly request exclusion from the Settlement Class, a Settlement Class Member must submit a written Request for Exclusion to the Settlement Administrator so that it is postmarked by the date 60 days after the date of the Notice Date, stating that "I wish to exclude myself from the Settlement Class in the Plenum Inspection Program Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class member's printed name, address, telephone number, email address (if any), date of birth, generator serial number, and the address at which the generator is installed. The Request for Exclusion must contain the actual written signature of the Settlement Class Member seeking to exclude himself or herself from the Settlement Class.

      2.     Requests for Exclusion cannot be made on a group or class basis, except that joint owners of the same residence or structure may opt out by using the same form so long as it is individually signed by each joint owner.

      3.     Any Settlement Class Member who does not submit a valid and timely written Request for Exclusion shall be bound by all subsequent proceedings, orders and judgments in this Lawsuit, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims.

4.      Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a Request for Exclusion.

C.      Any Settlement Class Member who does not submit a written Request for Exclusion may present a written objection to the Settlement explaining why he or she believes that the Settlement Agreement should not be approved by the Court as fair, reasonable and adequate. A Settlement Class Member who wishes to submit an objection must deliver to the Settlement Administrator so that it is postmarked by the date 60 days after the Notice Date, a detailed written statement of the objection(s) and the aspect(s) of the Settlement being challenged, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

1.      That written statement shall contain (a) the Settlement Class Member's printed name, address, telephone number, email address (if any), and date of birth; (b) evidence showing that the objector is a Settlement Class Member, including the address of the residence or structure that contains or contained the Class Generator and proof that the residence or structure contains or contained the Class Generator (photographs, contemporaneous installation records, etc.); (c) any other supporting papers, materials, or briefs that the objecting Settlement Class Member wishes the Court to consider when reviewing the objection; (d) the actual written signature of the Settlement Class Member making the objection; and (e) a statement whether the objecting Settlement Class Member and/or his, her, or its counsel intend to appear at the Final Approval Hearing.

2.      A Settlement Class Member may object on his, her, or its own behalf or through an attorney, however, even if represented, the Settlement Class Member must individually sign the objection and all attorneys involved must be listed on the objection papers.

3.      Counsel for the Parties may take the deposition of any objector prior to the Final Approval Hearing in a location convenient for the objector.

4.      Any objector who files and serves a timely written objection may appear at the Final Approval Hearing, either in person at his or her own expense or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement on the basis set forth in his or her objection if they expressly state in their objection that they or their counsel intend to appear at the Final Approval Hearing.

5.      Any Settlement Class Member who fails to comply with these requirements shall waive and forfeit any and all rights that he, she, or it may have to appear separately and/or to object to the Settlement, and shall be bound by all the terms of the Settlement Agreement and by all proceedings, orders and judgments in the Lawsuit, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending or subsequently initiates litigation, against any Released Party relating to the Released Claims.

6.      If a Settlement Class Member or counsel for the Settlement Class Member has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

## V.      **FINAL APPROVAL HEARING**

The Court hereby schedules a Final Approval Hearing at _____:_____   ____.m. on

_____, 2023, which date is approximately (and no less than) 74 days after the Notice Date, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, and the Settlement should receive final approval. At that time, the Court will also consider Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, which shall be filed at least fourteen (14) days before the Objection and Opt-Out deadline, and posted on the Settlement Website, www.fuelplenumsettlement.com. Plaintiffs' Motion for Final Approval of the Settlement shall be filed at least fourteen (14) days before the Final Approval Hearing. The Final Approval Hearing and other interim deadlines may be postponed or rescheduled by order of the Court without further notice to the Settlement Class, but any new dates will be posted on the Settlement Website, www.fuelplenumsettlement.com, and available through the Settlement toll-free number.

## VI. <u>STAY OF PROCEEDINGS</u>

Pending final determination of whether the Settlement should be approved, Plaintiffs, all other Settlement Class Members, and Releasing Parties, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or prosecute any action that asserts Released Claims against any Released Party in any court or tribunal, unless they file a timely and valid Request for Exclusion from the Settlement.  Pending the Final Approval Hearing, the Court hereby also stays all proceedings in this case, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this action.

## VII.   OTHER PROVISIONS

A.      In the event that the Settlement Agreement is not finally approved by the Court or does not reach the Effective Date, or the Settlement Agreement is terminated pursuant to its terms for any reason, the Parties reserve all of their rights, including the right to continue with the Lawsuit and all claims and defenses pending at the time of the Settlement, including with regard to any effort to certify a litigation class.  All of the following also shall apply:

1.      All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

2.      The provisional certification of the Settlement Class pursuant to this Preliminary Approval Order shall be vacated automatically, and the Lawsuit shall proceed as though the Settlement Class had never been certified and such findings had never been made.

3.      Nothing contained in this Preliminary Approval Order is to be construed as a presumption, concession, or admission by or against Generac or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the action as a class action.

4.      Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or any other litigation or proceeding, including, but not limited to, motions or proceedings seeking treatment of the action as a class action.

5.      All of the Court's prior orders having nothing whatsoever to do with Settlement Class certification shall, subject to this Preliminary Approval Order, remain in force and effect.

B.      Class Counsel and Counsel for Generac are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Notice of Settlement, short form notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

C.      This Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

IT IS SO ORDERED.

Dated: _____, 2023

_____
Gerald J. Pappert, U.S.D.J.

# EXHIBIT 5

**FUEL PLENUM INSPECTION PROGRAM CLASS ACTION SETTLEMENT**
**INSERT ADDRESS**
**Telephone: INSERT**
**Email: INSERT**
**Settlement Website: INSERT**

«MailDate»

## NOTICE OF DEFICIENT CLAIM

INSERT ADDRESS

     **Re:**    **Fuel Plenum Inspection Program Class Action Settlement**

Dear INSERT:

      We are the Court-appointed Settlement Administrator for the above-referenced class action Settlement. After careful review of your Claim Form and any supporting materials you provided, we have determined that your Claim is deficient for the following reason(s):

      ▪  INSERT REASON(S)

We cannot approve your Claim until all deficiencies are cured.  Please cure every deficiency noted above **in writing within thirty (30) days**, including by providing any requested information and/or documentation. You may do so by sending it to the physical address or email address at the top of this letter or, if appropriate, uploading it through the Settlement Website at www.fuelplenumsettlement.com. **Failure to timely and fully cure the deficiency will result in the denial of your Claim.**


           Sincerely,


           _____
           KCC Class Action Services, LLC
           Settlement Administrator

# EXHIBIT 6

**FUEL PLENUM INSPECTION PROGRAM CLASS ACTION SETTLEMENT**
**INSERT ADDRESS**
**Telephone: INSERT**
**Email: INSERT**
**Settlement Website: INSERT**

«MailDate»

## <u>NOTICE OF DENIAL OF CLAIM</u>

INSERT ADDRESS

     **Re:**    <u>**Fuel Plenum Inspection Program Class Action Settlement**</u>

Dear INSERT:

      We are the Court-appointed Settlement Administrator for the above-referenced class action settlement. After careful review of your Claim Firm and any supporting materials you provided, we have denied your Claim for the following reason(s):

     ▪ INSERT REASON(S)

You were also notified of these reason(s) on [date deficiency letter sent]. Because your Claim was denied, you will not receive benefits under the Settlement.  If you believe your claim was denied in error, however, you may contact us at the email address or telephone number provided above with specific reason(s) for why you believe the decision was incorrect.

            Sincerely,

            _____
            KCC Class Action Services, LLC
            Settlement Administrator

# EXHIBIT 7

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG,<br><br>                Plaintiffs,<br><br>   v.<br><br>GENERAC POWER SYSTEMS, INC.,<br><br>            Defendant. | Civil Action No. 2:21-cv-05660 |

## [PROPOSED] FINAL APPROVAL ORDER

On the ___ day of _____, 2023, this Court heard the Plaintiffs' motion for final approval of the settlement and entry of judgment.[1]  This Court reviewed: (a) the motion and the supporting papers, including the Class Action Settlement Agreement and Release ("**Settlement Agreement**"); (b) any objections to the settlement; (c) the Parties' responses to any objections; and (d) counsels' arguments.  Based on this review and the findings below, the Court finds good cause to grant the motion.

The Court makes the following findings:

1.     The Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it.  Among other matters considered, the Court took into account:  (a) the claims asserted by the Plaintiffs; (b) the defenses asserted by Generac Power Systems, Inc ("Generac"), which could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any benefits to the Settlement Class that would occur in the absence of a settlement; (d) the benefits to the Settlement Class; (e) the recommendation of the Settlement Agreement by counsel

---

[1] Capitalized terms in this Final Approval Order ("Order"), unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

for the Parties; and (f) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the settlement.

2.　　The Settlement falls within the range of reasonableness because it has key indicia of fairness, in that (1) the Parties reached the Settlement only after extensive negotiations, which were contentious, at arm's-length, and facilitated by an experienced mediator (Hon. Diane M. Welsh (Ret.)), (2) the Plaintiffs had the ability to obtain confirmatory discovery, and (3) the proponents of the Settlement are experienced in similar litigation.

3.　　Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) and finds the factors support final approval of the settlement, including, including an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense, and possible duration of litigation in the absence of a settlement; the nature and extent of any objections to the settlement; the stage of the proceedings and the amount of discovery requested; the risk of establishing liability and damages, the ability of the defendants to withstand a greater judgment, the range of reasonableness of the settlement; the underlying substantive issues in the case; the existence and probable outcome of claims by other classes; the results achieved; whether the class can opt-out of the settlement; whether the attorneys' fees are reasonable, and whether the procedure for processing claims is fair and reasonable. The Court also finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the settlement.

4.      Notice was provided to Settlement Class Members in compliance with Section 8 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure.  The notice: (a) fully and accurately informed Settlement Class Members about the Lawsuit and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.

5.      Generac provided notice to government officials in the manner and within the time required by 28 U.S.C. § 1715(b).

6.      Plaintiffs and Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

7.      For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3). Specifically, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is in the tens of thousands and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of

the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. The Court also concludes that, because the Lawsuit is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Lawsuit.

In light of the Court's findings, it is **ORDERED** as follows:

1.      **Settlement Class Members.**  The Settlement Class is certified as a class of:

(1) all current or former owners of a Class Generator who paid an $80 Inspection Program fee that was not reimbursed prior to the Preliminary Approval Date, and

(2) all current owners of Class Generators that were not inspected pursuant to the Inspection Program prior to the Preliminary Approval Date.

Excluded from the Settlement Class are: (i) Generac, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Generac has a controlling interest; (ii) the judge presiding over the Lawsuit and any member of the Court's staff and immediate family; and (iii) local, municipal, state, and federal governmental entities.

2.      **Exclusions**. The persons identified in **Exhibit 1** hereto requested exclusion from the Settlement Class. These persons shall not share in the benefits of the Settlement, and Order does not affect their legal rights to pursue any claims they may have against Defendant.

3.      **Appointments**. The Court reaffirms the appointment of Plaintiffs Greg McMahon and Adam Goldberg as the Class Representatives of the Settlement Class, and Joseph G. Sauder and Joseph B. Kenney of Sauder Schelkopf LLC as Class Counsel.

4.      **Objections**. The Court has considered any objections to the Settlement, and finds that they are unpersuasive and therefore overrules all of them.

5.  **Binding Effect of Order.**  This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order.  This Order does not bind persons or entities who submitted timely and valid requests for exclusion.

6.  **Release**.  Plaintiffs and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have completely released and forever discharged the Released Parties from all claims arising out of or asserted in the Lawsuit  and the Released Claims; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims and the Released Claims.  The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

7.  **Settlement Payments**.  Generac is directed to transfer funds to the Settlement Administrator sufficient to allow the Settlement Administrator to make the Settlement Payments. The Settlement Administrator is directed to issue Settlement Payments to each Settlement Class Member who submitted a valid and timely Claim Form for a Reimbursement Claim.

8.  **Inspections**.  The Settlement Administrator is further directed to provide the names and contact information of the Settlement Class Members who have submitted valid and timely Claim Forms for Inspection Claims to Generac so Generac can facilitate inspections with Authorized Service Dealers for those Settlement Class Members.

9.  **Uncashed Settlement Payment Checks.**  Pursuant to the Settlement Agreement, any residual funds from uncashed Settlement Payment checks shall be applied toward paying the Settlement Administration Costs.

10.  **Miscellaneous.**  No person or entity shall have any claim against Generac, Generac's Counsel, the Released Parties, Plaintiffs, the Settlement Class Members, Class Counsel,

or the Settlement Administrator based on distributions and payments made in accordance with the Settlement Agreement.

**11.** **Court's Jurisdiction**.   Pursuant to the Parties' request, the Court will retain jurisdiction over the Actions and the Parties for all purposes related to this settlement.

IT IS SO ORDERED.

Dated: _____, 2023

_____

Gerald J. Pappert, U.S.D.J.

# EXHIBIT 8

**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG,<br><br>            Plaintiffs,<br><br>   v.<br><br>GENERAC POWER SYSTEMS, INC.,<br><br>            Defendant. | Civil Action No. 2:21-cv-05660 |

## [PROPOSED] FINAL JUDGMENT

Pursuant to Federal Rule of Civil Procedure 58(a), Judgment is hereby **ENTERED** in accordance with these Court's Orders of _____, 2023 (ECF No. ___) and _____, 2023 (ECF No. ___), which granted the Motion for Final Approval of Class Action Settlement (ECF No. ___) and Motion for Award of Attorneys' Fees, Costs, and Service Awards (ECF No. ___).

Dated: _____, 2023

           _____

               Gerald J. Pappert, U.S.D.J.