**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG,<br>*Plaintiffs,*<br><br>v.<br><br>GENERAC POWER SYSTEMS, INC.,<br><br>*Defendant.* | CIVIL ACTION<br><br>NO. 21-5660 |

**ORDER GRANTING PRELIMINARY APPROVAL TO CLASS ACTION
SETTLEMENT, PROVISIONALLY CERTYIFYING SETTLEMENT CLASS,
DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING
FINAL APPROVAL HEARING**

Plaintiffs Greg McMahon and Adam Goldberg ("Plaintiffs") and Defendant Generac Power Systems, Inc. ("Generac"), have participated in mediation and executed a proposed Settlement Agreement (the "Settlement Agreement" or "Settlement"). Pursuant to the Settlement Agreement, Plaintiffs have moved for entry of an order granting preliminary approval of the Settlement. The Court hereby adopts and incorporates the terms of the Settlement Agreement for the purposes of this Preliminary Approval Order, including the Definitions set forth in the Settlement Agreement. A copy of the Settlement Agreement has been filed with the Court and will be posted to the Settlement Website, www.fuelplenumsettlement.com. Having reviewed the Settlement Agreement and considered the submissions in support of preliminary approval of the Settlement, the Court now orders as follows:

**I.      CERTIFICATION OF SETTLEMENT CLASS**

The Settlement Agreement provides for a class action settlement of the claims alleged in this Lawsuit. The Court has considered the (1) allegations, information,

arguments, and authorities provided by the Parties in connection with the pleadings previously filed in this case; (2) information, arguments, and authorities provided by Plaintiffs in their brief in support of their motion for entry of an order granting preliminary approval to the Settlement; (3) the terms of the Settlement Agreement, including, but not limited to, the definition of the Settlement Class and the benefits to be provided to the Settlement Class; and (4) the Settlement's elimination of any potential manageability issue that may otherwise have existed if litigation continued. Based on those considerations, the Court hereby finds as follows for settlement purposes only at this time:

A.      That the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is in the tens of thousands and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23.

B.     The Court also concludes that, because the Lawsuit is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Lawsuit.

C.     Pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby provisionally certifies the following Settlement Class for settlement purposes only:

> (1) all current or former owners of a Class Generator who paid an $80 Inspection Program fee that was not reimbursed prior to the Preliminary Approval Date, and
>
> (2) all current owners of Class Generators that were not inspected pursuant to the Inspection Program prior to the Preliminary Approval Date.
>
> Excluded from the Settlement Class are: (i) Generac, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Generac has a controlling interest; (ii) the judge presiding over the Lawsuit and any member of the Court's staff and immediate family; and (iii) local, municipal, state, and federal governmental entities.

D.     Plaintiffs Greg McMahon and Adam Goldberg are appointed as the Class Representatives of the Settlement Class, and Joseph G. Sauder and Joseph B. Kenney of Sauder Schelkopf LLC are appointed as Class Counsel.

## II.    <u>PRELIMINARY APPROVAL OF THE TERMS OF THE SETTLEMENT</u>

A.     On a preliminary basis, taking into account (1) the value and certainty of the benefits to be provided by the Settlement to Settlement Class Members who submit valid and timely Claim Forms; (2) the defenses asserted by Generac; (3) the risks to Plaintiffs and Settlement Class Members that Generac would successfully defend against class certification and/or against the merits of the claims alleged in this Lawsuit, whether litigated by Settlement Class Members themselves or on their behalf in a class action; and (4) the length of time that would be required for Settlement Class Members or any

3

of them to obtain a final judgment through one or more trials and appeals, the Settlement appears sufficiently fair, reasonable, and adequate to authorize dissemination of notice to the Settlement Class as set forth in the Settlement Agreement.

B.       Moreover, the Court finds that the Settlement falls within the range of reasonableness because the Settlement has key indicia of fairness, in that (1) the Parties reached the Settlement only after extensive negotiations, which were contentious, at arm's-length, and facilitated by an experienced mediator (Hon. Diane M. Welsh (Ret.) of JAMS), (2) the Plaintiffs obtained confirmatory discovery, and (3) the proponents of the Settlement are experienced in similar class action litigation.

C.       Accordingly, the Settlement is hereby preliminarily approved.

III.    **APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN**

As set forth in the Settlement Agreement, the Parties have submitted a proposed Notice Plan, including, without limitation, a Notice of Settlement and Claim Form, a proposed short form publication notice, provisions for providing notice of the Settlement through digital and print methods depending on the estimated reach of the notice to be sent directly to Settlement Class Members following to the efforts described in Paragraph D.8. of the Settlement Agreement, and a Settlement Website, www.fuelplenumsettlement.com. Having reviewed each, the Court finds and concludes as follows:

A.       The notices attached as Exhibits to the Settlement Agreement fairly, accurately, and reasonably inform Settlement Class Members of: (1) appropriate information about the nature of this Lawsuit and the essential terms of the Settlement Agreement; (2) appropriate information about how to obtain additional information

regarding this matter and the Settlement, in particular, through the Settlement Website, www.fuelplenumsettlement.com; and (3) appropriate information about how to object to, or exclude themselves from, the Settlement if they wish to do so. The Notice of Settlement and proposed short form publication notice also fairly and adequately inform Settlement Class Members that if they do not comply with the specified procedures and the deadline for objections, they will lose any opportunity to have any objection considered at the Final Approval Hearing or to otherwise contest approval of the Settlement or appeal from any order or judgment entered by the Court in connection with the Settlement.

B.    The Notice of Settlement and Claim Form, the short form publication notice, as well as the other notice methods described in the Notice Plan as set forth in the Settlement Agreement, satisfy the requirements of due process, Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and any other applicable laws, constitutes the best notice practicable under the circumstances, and shall constitute due and sufficient notice to all persons entitled thereto.

C.    Accordingly, the Court hereby approves the proposed Notice Plan and orders that the form and content of the proposed Notice of Settlement, the proposed short form publication notice, and the proposed Claim Form are hereby approved, and shall be provided to the Settlement Class by the Settlement Administrator as set forth in the Settlement Agreement.

D.    Generac shall notify the appropriate government officials under the Class Action Fairness Act of 2005, 28 U.S.C. § 1715. Proof of compliance will be filed with the Motion for Final Approval.

E.      KCC Class Action Services, LLC is hereby appointed by the Court as the Settlement Administrator, whose reasonable fees and costs are to be paid by Generac.

F.      The Settlement Administrator shall perform and comply with all notice and administration duties ascribed to it in the Settlement Agreement, this Preliminary Approval Order, and subsequent orders that may be entered by this Court in this case.

## IV.    REQUESTS FOR EXCLUSION AND OBJECTIONS

A.      All Settlement Class Members have the right to either opt out of or object to the Settlement pursuant to the procedures and schedule set forth in the Settlement Agreement, which also will be set forth in the Notice of Settlement and on the Settlement Website at www.fuelplenumsettlement.com.

B.      A member of the Settlement Class who submits a timely and valid Request for Exclusion cannot object to the Settlement and is not eligible to receive any Settlement Payment or Inspection.

1.      To validly request exclusion from the Settlement Class, a Settlement Class Member must submit a written Request for Exclusion to the Settlement Administrator so that it is postmarked by the date 60 days after the date of the Notice Date, stating that "I wish to exclude myself from the Settlement Class in the Plenum Inspection Program Class Action Settlement" (or substantially similar clear and unambiguous language). That written request shall contain the Settlement Class member's printed name, address, telephone number, email address (if any), date of birth, generator serial number, and the address at which the generator is installed. The Request for Exclusion must contain the actual written signature of the Settlement Class Member seeking to exclude himself or herself from the Settlement Class.

2.    Requests for Exclusion cannot be made on a group or class basis, except that joint owners of the same residence or structure may opt out by using the same form so long as it is individually signed by each joint owner.

3.    Any Settlement Class Member who does not submit a valid and timely written Request for Exclusion shall be bound by all subsequent proceedings, orders and judgments in this Lawsuit, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending, or subsequently initiates litigation, against any Released Party relating to the Released Claims.

4.    Any statement or submission purporting or appearing to be both an objection and opt-out shall be treated as a Request for Exclusion.

C.    Any Settlement Class Member who does not submit a written Request for Exclusion may present a written objection to the Settlement explaining why he or she believes that the Settlement Agreement should not be approved by the Court as fair, reasonable and adequate. A Settlement Class Member who wishes to submit an objection must deliver to the Settlement Administrator so that it is postmarked by the date 60 days after the Notice Date, a detailed written statement of the objection(s) and the aspect(s) of the Settlement being challenged, as well as the specific reasons, if any, for each such objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention.

1.    That written statement shall contain (a) the Settlement Class Member's printed name, address, telephone number, email address (if any), and date of birth; (b) evidence showing that the objector is a Settlement Class Member, including the

address of the residence or structure that contains or contained the Class Generator and proof that the residence or structure contains or contained the Class Generator (photographs, contemporaneous installation records, etc.); (c) any other supporting papers, materials, or briefs that the objecting Settlement Class Member wishes the Court to consider when reviewing the objection; (d) the actual written signature of the Settlement Class Member making the objection; and (e) a statement whether the objecting Settlement Class Member and/or his, her, or its counsel intend to appear at the Final Approval Hearing.

2.      A Settlement Class Member may object on his, her, or its own behalf or through an attorney, however, even if represented, the Settlement Class Member must individually sign the objection and all attorneys involved must be listed on the objection papers.

3.      Counsel for the Parties may take the deposition of any objector prior to the Final Approval Hearing in a location convenient for the objector.

4.      Any objector who files and serves a timely written objection may appear at the Final Approval Hearing, either in person at his or her own expense or through personal counsel hired at the objector's expense, to object to the fairness, reasonableness, or adequacy of any aspect of the Settlement on the basis set forth in his or her objection if they expressly state in their objection that they or their counsel intend to appear at the Final Approval Hearing.

5.      Any Settlement Class Member who fails to comply with these requirements shall waive and forfeit any and all rights that he, she, or it may have to appear separately and/or to object to the Settlement, and shall be bound by all the terms

of the Settlement Agreement and by all proceedings, orders and judgments in the Lawsuit, including, but not limited to, the Release, the Final Approval Order, and the Final Judgment, even if such Settlement Class Member has litigation pending or subsequently initiates litigation, against any Released Party relating to the Released Claims.

6.       If a Settlement Class Member or counsel for the Settlement Class Member has objected to a class action settlement on any prior occasion, the objection shall also disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

## V.     **FINAL APPROVAL HEARING**

The Court hereby schedules a Final Approval Hearing at **10 a.m. on September 27, 2023 in Courtroom 11-A**, which date is approximately (and no less than) 74 days after the Notice Date, June 27, 2023, to determine whether the certification of the Settlement Class, the designation of Plaintiffs as Class Representatives, the appointment of Class Counsel, and the Settlement should receive final approval. At that time, the Court will also consider Plaintiffs' Motion for Attorneys' Fees, Costs, and Service Awards, which shall be filed no later than **August 12, 2023** and posted on the Settlement Website, www.fuelplenumsettlement.com. Plaintiffs' Motion for Final Approval of the Settlement shall be filed no later than **September 13, 2023**. The Final Approval Hearing and other interim deadlines may be postponed or rescheduled by order of the Court without further notice to the Settlement Class, but any new dates will be posted on the Settlement Website, www.fuelplenumsettlement.com, and available through the Settlement toll-free number.

VI.    **STAY OF PROCEEDINGS**

Pending final determination of whether the Settlement should be approved, Plaintiffs, all other Settlement Class Members, and Releasing Parties, and each of them, and anyone who acts or purports to act on their behalf, shall not institute or prosecute any action that asserts Released Claims against any Released Party in any court or tribunal, unless they file a timely and valid Request for Exclusion from the Settlement. Pending the Final Approval Hearing, the Court hereby also stays all proceedings in this case, other than those proceedings necessary to carry out or enforce the terms and conditions of the Settlement Agreement. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this action.

VII.   **OTHER PROVISIONS**

A.     In the event that the Settlement Agreement is not finally approved by the Court or does not reach the Effective Date, or the Settlement Agreement is terminated pursuant to its terms for any reason, the Parties reserve all of their rights, including the right to continue with the Lawsuit and all claims and defenses pending at the time of the Settlement, including with regard to any effort to certify a litigation class. All of the following also shall apply:

1.     All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

2.      The provisional certification of the Settlement Class pursuant to this Preliminary Approval Order shall be vacated automatically, and the Lawsuit shall proceed as though the Settlement Class had never been certified and such findings had never been made.

3.      Nothing contained in this Preliminary Approval Order is to be construed as a presumption, concession, or admission by or against Generac or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any actions or proceedings, whether civil, criminal or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the action as a class action.

4.      Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or any other litigation or proceeding, including, but not limited to, motions or proceedings seeking treatment of the action as a class action.

5.      All of the Court's prior orders having nothing whatsoever to do with Settlement Class certification shall, subject to this Preliminary Approval Order, remain in force and effect.

B.      Class Counsel and Counsel for Generac are hereby authorized to use all reasonable procedures in connection with approval and administration of the Settlement that are not materially inconsistent with this Preliminary Approval Order or the Settlement Agreement, including making, without further approval of the Court, minor changes to the Settlement Agreement, to the form or content of the Notice of Settlement,

short form notice, or to the form or content of any other exhibits attached to the Settlement Agreement, that the Parties jointly agree are reasonable or necessary, and which do not limit the rights of Settlement Class Members under the Settlement Agreement.

C.      This Court shall maintain continuing jurisdiction over these Settlement proceedings to assure the effectuation thereof for the benefit of the Settlement Class.

**IT IS SO ORDERED.**

Dated: April 18, 2023

BY THE COURT:


*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.
