IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| GREG MCMAHON and ADAM GOLDBERG,<br><br>            Plaintiffs,<br><br>     v.<br><br>GENERAC POWER SYSTEMS, INC.,<br><br>            Defendant. | Civil Action No. 2:21-cv-05660 |

### [PROPOSED] FINAL APPROVAL ORDER

On the ___ day of _____, 2023, this Court heard the Plaintiffs' motion for final approval of the settlement and entry of judgment.[1] This Court reviewed: (a) the motion and the supporting papers, including the Class Action Settlement Agreement and Release ("**Settlement Agreement**"); (b) any objections to the settlement; (c) the Parties' responses to any objections; and (d) counsels' arguments. Based on this review and the findings below, the Court finds good cause to grant the motion.

The Court makes the following findings:

**1.** The Settlement Agreement is, in all respects, fair, adequate, and reasonable and therefore approves it. Among other matters considered, the Court took into account: (a) the claims asserted by the Plaintiffs; (b) the defenses asserted by Generac Power Systems, Inc ("Generac"), which could potentially preclude or reduce the recovery by Settlement Class Members; (c) delays in any benefits to the Settlement Class that would occur in the absence of a settlement; (d) the benefits to the Settlement Class; (e) the recommendation of the Settlement Agreement by counsel

---

[1] Capitalized terms in this Final Approval Order ("Order"), unless otherwise defined, have the same definitions as those terms in the Settlement Agreement.

for the Parties; and (f) the low number of objectors to the Settlement Agreement, demonstrating that the Settlement Class has a positive reaction to the settlement.

**2.** The Settlement falls within the range of reasonableness because it has key indicia of fairness, in that (1) the Parties reached the Settlement only after extensive negotiations, which were contentious, at arm's-length, and facilitated by an experienced mediator (Hon. Diane M. Welsh (Ret.)), (2) the Plaintiffs had the ability to obtain confirmatory discovery, and (3) the proponents of the Settlement are experienced in similar litigation.

**3.** Specifically, the Court has analyzed each of the factors set forth in Fed. R. Civ. P. 23(e)(2), *Girsh v. Jepson*, 521 F.2 153, 157 (3d Cir. 1975) and *In re Prudential Ins. Co. Am. Sales Practice Litig.*, 148 F.3d 283, 323 (3d Cir. 1998) and finds the factors support final approval of the settlement, including, including an assessment of the likelihood that the Class Representatives would prevail at trial; the range of possible recovery; the consideration provided to Settlement Class Members as compared to the range of possible recovery discounted for the inherent risks of litigation; the complexity, expense, and possible duration of litigation in the absence of a settlement; the nature and extent of any objections to the settlement; the stage of the proceedings and the amount of discovery requested; the risk of establishing liability and damages, the ability of the defendants to withstand a greater judgment, the range of reasonableness of the settlement; the underlying substantive issues in the case; the existence and probable outcome of claims by other classes; the results achieved; whether the class can opt-out of the settlement; whether the attorneys' fees are reasonable, and whether the procedure for processing claims is fair and reasonable. The Court also finds the factors recently added to Fed. R. Civ. P. 23(e)(2) substantially overlap with the factors the Third Circuit has enumerated in *Girsh* and *In re Prudential*, and that each supports final approval of the settlement.

**4.** Notice was provided to Settlement Class Members in compliance with Section 8 of the Settlement Agreement, due process, and Rule 23 of the Federal Rules of Civil Procedure. The notice: (a) fully and accurately informed Settlement Class Members about the Lawsuit and Settlement Agreement; (b) provided sufficient information so that Settlement Class Members could decide whether to accept the benefits offered, opt-out and pursue their own remedies, or object to the settlement; (c) provided procedures for Settlement Class Members to submit written objections to the proposed settlement, to appear at the hearing, and to state objections to the proposed settlement; and (d) provided the time, date, and place of the Final Approval Hearing.

**5.** Generac provided notice to government officials in the manner and within the time required by 28 U.S.C. § 1715(b).

**6.** Plaintiffs and Class Counsel have fairly and adequately protected the Settlement Class' interests, and the Parties have adequately performed their obligations under the Settlement Agreement.

**7.** For the reasons stated in the Preliminary Approval Order, and having found nothing in any submitted objections that would disturb these previous findings, this Court finds that the proposed Settlement Class, as defined below, meets all of the legal requirements for class certification, for settlement purposes only, under Federal Rule of Civil Procedure 23(a) and (b)(3). Specifically, the prerequisites for a class action under Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure have been satisfied. The Court finds, in the specific context of this Settlement, that the following requirements are met: (a) the number of Settlement Class Members is in the tens of thousands and is so numerous that joinder of all Settlement Class Members is impracticable; (b) there are questions of law and fact common to the Settlement Class Members; (c) Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of

the Settlement; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class; (e) questions of law and fact common to the Settlement Class Members predominate over any questions affecting any individual Settlement Class Member; and (f) a class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23. The Court also concludes that, because the Lawsuit is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Lawsuit.

In light of the Court's findings, it is **ORDERED** as follows:

1. **Settlement Class Members.** The Settlement Class is certified as a class of:

    (1) all current or former owners of a Class Generator who paid an $80 Inspection Program fee that was not reimbursed prior to the Preliminary Approval Date, and

    (2) all current owners of Class Generators that were not inspected pursuant to the Inspection Program prior to the Preliminary Approval Date.

    Excluded from the Settlement Class are: (i) Generac, its officers, directors, affiliates, legal representatives, employees, successors, and assigns, and entities in which Generac has a controlling interest; (ii) the judge presiding over the Lawsuit and any member of the Court's staff and immediate family; and (iii) local, municipal, state, and federal governmental entities.

2. **Exclusions**. The persons identified in **Exhibit 1** hereto requested exclusion from the Settlement Class. These persons shall not share in the benefits of the Settlement, and Order does not affect their legal rights to pursue any claims they may have against Defendant.

3. **Appointments**. The Court reaffirms the appointment of Plaintiffs Greg McMahon and Adam Goldberg as the Class Representatives of the Settlement Class, and Joseph G. Sauder and Joseph B. Kenney of Sauder Schelkopf LLC as Class Counsel.

4. **Objections**. The Court has considered any objections to the Settlement, and finds that they are unpersuasive and therefore overrules all of them.

5. **Binding Effect of Order.**  This Order applies to all claims or causes of action settled under the Settlement Agreement and binds all Settlement Class Members, including those who did not properly request exclusion under the Preliminary Approval Order.  This Order does not bind persons or entities who submitted timely and valid requests for exclusion.

6. **Release**.  Plaintiffs and all Settlement Class Members who did not properly request exclusion are: (1) deemed to have completely released and forever discharged the Released Parties from all claims arising out of or asserted in the Lawsuit  and the Released Claims; and (2) barred and permanently enjoined from asserting, instituting, or prosecuting, either directly or indirectly, these claims and the Released Claims.  The full terms of the release described in this paragraph are set forth in the Settlement Agreement and are specifically incorporated herein by this reference.

7. **Settlement Payments**.  Generac is directed to transfer funds to the Settlement Administrator sufficient to allow the Settlement Administrator to make the Settlement Payments.  The Settlement Administrator is directed to issue Settlement Payments to each Settlement Class Member who submitted a valid and timely Claim Form for a Reimbursement Claim.

8. **Inspections**.  The Settlement Administrator is further directed to provide the names and contact information of the Settlement Class Members who have submitted valid and timely Claim Forms for Inspection Claims to Generac so Generac can facilitate inspections with Authorized Service Dealers for those Settlement Class Members.

9. **Uncashed Settlement Payment Checks.**  Pursuant to the Settlement Agreement, any residual funds from uncashed Settlement Payment checks shall be applied toward paying the Settlement Administration Costs.

10. **Miscellaneous.**  No person or entity shall have any claim against Generac, Generac's Counsel, the Released Parties, Plaintiffs, the Settlement Class Members, Class Counsel,

or the Settlement Administrator based on distributions and payments made in accordance with the Settlement Agreement.

**11.    Court's Jurisdiction**.  Pursuant to the Parties' request, the Court will retain jurisdiction over the Actions and the Parties for all purposes related to this settlement.

IT IS SO ORDERED.

Dated: _____, 2023

_____
Gerald J. Pappert, U.S.D.J.